BENNINGTON,
February,
1838.

CHRISTOPHER RUSSELL *v.* JOHN ORMSBEE.

Where a contract is made for the payment of specific articles, such as the payee should select, at a place designated, but no time is fixed for the payment, such articles are payable on demand.

In such case, a demand, with a designation of the articles selected, is an indispensable pre-requisite to the right of action upon such contract.

But if a *time* of payment be fixed by the contract, the omission of the payee to designate the articles is a waiver of his right of selection, and throws the selection upon the payor, who must perform his contract within the time limited.

A demand of pay upon such contract, accompanied by a refusal to select the articles in which payment is to be made, is insufficient.

If, in such case, the payee demand no more than is due, the refusal of the payor to pay him so much as is demanded, would excuse the omission to make the selection ;—otherwise, if he demand too much ; in which case the payor would be excused from making a tender.

THIS was an action of book account, which had been referred by this court to auditors, who reported as follows ;

That the defendant contracted to deliver the plaintiff a quantity of coal, of a good quality, at six dollars per hundred bushels, payable in leather at Clark's tannery, at Factory point, in Manchester, the defendant having previously examined the leather at said factory, and it being agreed between the parties that defendant was to select such kind of leather as he should want.

Soon after this, plaintiff brought a load of coal to the defendant's shop, which defendant objected to receiving, on account of its bad quality. The plaintiff then agreed that he would make it right in the price, if defendant would take it.

The next day a second load was brought, of an inferior quality, which defendant refused to receive on the contract. The plaintiff then agreed that if defendant would take the coal, there should be no difficulty as to the price.

The plaintiff afterwards delivered a third load, of good quality, which was not objected to.

A few days after this, plaintiff called on defendant for pay, demanding $19,50, being at the rate of 6 dollars per hundred bushels, for 325 bushels, the whole quantity delivered. Defendant objected to the amount, and said he would pay him $14, 04, at the tannery, and requested plaintiff to go with him and select the leather, but the plaintiff refused, saying he would take nothing less.

Soon after this, the defendant set off on a journey, having previously directed his son to settle with plaintiff, even if he had to allow him more than the coal was worth.

The plaintiff called on defendant's son for the pay, claiming 6 dollars per hundred bushels. The son offered to pay at the rate of $5,00 for the two first loads, and $6,00 for the third, and requested plaintiff to go with him to the tannery, and make his selection of the leather. But plaintiff refused to go to the tannery, or receive the amount offered.

The auditors also reported, that defendant had made an arrangement with the owner of the tannery, for leather, to pay for the coal, and that the leather was ready for the plaintiff, and always has been.

The decision of the auditors was in the alternative; that if this court should be of opinion, from the foregoing statement of facts, that the plaintiff ought to recover, they found for the plaintiff to recover $15,00 upon the balance due upon his account, together with the interest thereon, amounting in the whole to $18,30, for which the defendant was in arrear to the plaintiff, together with plaintiff's costs; but if the court should be of a different opinion, they reported that the defendant recover his costs.

*S. Swift*, for plaintiff,

I. No offer to tender, can be considered as equivalent to an actual tender, where it is in the power of the debtor to complete his payment, without some previous act necessary to be done on the part of the creditor. And, in the present case, if it be considered, from the terms of the contract between the parties, that the plaintiff had the right of selection as to the kind or quality of leather, to be received in payment, yet, having neglected to make that selection, the defendant is not excused, as the right of selection would, of course, by law, devolve on the defendant, and he had a right to turn out such leather as he pleased. 3 Day's R. 327.

II. The offer which the defendant made, did not amount to the sum found by the auditor to be then justly due, and would, on that account, have excused the plaintiff from signifying his intention, if it had been otherwise requisite on his part.

*Sargeant & Miner*, for defendant.

By the terms of the contract, three things were stipulated for the plaintiff to perform, before any duty devolved upon the defendant.

1st. To deliver the coal, of good quality, at the defendant's shop.

2d. To call for his pay at Clark's tannery.

3d. To select and make known the kind of leather which he wanted in payment.

Any call or demand for pay at any other place than the one stipulated by the contract, would lay the defendant under no obligation to perform on his part.

Place of payment, says Chipman, should be always stipulated by the parties, and made part of the contract. Chip. on Contracts, 23.

This principle seems to have been understood and acted upon by the parties, and courts will always take into consideration the situation and circumstances of parties, and so construe their contracts as to carry into execution their intentions.

The selection of the leather could have been made at no other place than the tannery, and the case finds the fact, that the defendant had done his duty, by having it ready for the plaintiff, whether the defendant was there or not

But, if the plaintiff might have demanded the leather at any other place, wherever he might happen to meet the defendant, it cannot, with any reason, be urged, that a demand of $19,50, where, at most, but $15,00 were due, could have laid the defendant under any obligation to tender, much less could the defendant tender, until the plaintiff had signified, or made his selection of, what kind of leather he would receive.    3 Starkie's Ev. 1391, 2, 3.    *Barney* v. *Bliss,* Chip. R. 399.

Up to the time of commencing the suit, or even to the present day, the defendant had done no act, nor omitted any duty, which entitled the plaintiff to dispense with the performance of the condition precedent, on his part, to have been performed.

Had the plaintiff declared specially on this contract, he must have averred and proved a performance of the condition precedent, on his part, or an excuse for non-performance, Chit. Plead. 309.

The opinion of the Court was delivered by

PHELPS, J.—This case turns upon the question, whether a sufficient demand was made by the plaintiff to entitle him to the money for the amount found due to him, by the auditors, in lieu of the leather. It appears from the report, that, by the contract, the coal was to be paid for in leather, such as the plaintiff should select, at the place designated; but no definite time, within which the payment was to be made, was stipulated. This demand, with a designation of the kind selected by the plaintiff, was an indispensable pre-requisite to the right of action. Had the contract fixed a time for the payment, the case might have been different. In such a case, an omission on the part of the plaintiff to designate the kind of article to be paid, may well be considered a waiver of his right in this particular, and, as throwing the selection upon the defendant, who must necessarily perform his contract within the time limited. Such was the case of *Townsend* v. *Wells*, 3 Day's R. 327. But where no time is limited, a demand becomes necessary, and it must be such a demand as will enable the plaintiff to perform, according to the terms of his contract.

It appears from the report, that, although the plaintiff called on the defendant for pay, yet, he uniformly declined to make any selection, or receive the leather. Such a demand amounts to nothing, in a legal point of view, as it does not show the defendant in default, who appears to have been ready at all times, to perform his contract. The reason assigned by the plaintiff for refusing the article, was, that the defendant was not willing to pay the amount demanded. Had the plaintiff demanded no more than his due, this excuse would have been available; but the auditors have found that he insisted upon more, and refused the proffered payment, because more was not offered. This fact is fatal to his cause, as it imports a refusal to receive what he was entitled to.

It is true, that the case does not show a legal tender on the part of the defendant; but we are of opinion, that no tender was necessary. The plaintiff's demand, being accompanied with a claim for more than was due, and a refusal to receive what he was actually entitled to, did not render a tender on the part of the defendant, necessary for his de-

Russell
v.
Ormsbee.

fence. The fact, therefore, that his first offer fell short of his actual indebtedness is unimportant; and, although his second offer may also have fallen short, (which we have no means of determining) it would be equally unimportant for the reason already suggested.

Judgment for the defendant on the report,