# ESSEX COUNTY.

## MARCH TERM, 1842.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
" STEPHEN ROYCE, } *Assistant Justices.*
" MILO L. BENNETT, }

## JONAH BROOKS, JR. & CO. *v.* WILLIAM JEWELL.

Goods delivered in payment of a preëxisting debt cannot be recovered for in an action on book, nor by plea in offset.

But, when, from the nature of the contract, it is contemplated that goods should be charged on book, or there is to be a subsequent adjustment, an action may be maintained therefor, although it was intended that the account was to be applied in payment.

When an account is payable in goods out of the store of a party, it is not necessary to demand the goods before a suit is brought to recover the amount of the account, if such party cease trading before suit brought and was not in a situation to pay the goods, and there had been no unreasonable delay on the part of the creditor in calling for them.

ASSUMPSIT on a promissory note given by the defendant to the plaintiffs for $13.18, dated March 10, 1834. The action was commenced before a justice of the peace. The defendant filed a declaration on book in offset, before the justice, and also in the county court, the case having been appealed to the county court, and, upon that declaration, judgment to account was rendered and an auditor was appointed who afterwards reported, in substance, as follows ;—
The defendant's account was for one thousand cedar posts,

at three dollars per hundred, amounting to thirty dollars, and it was admitted that the posts were delivered to Chapin K. Brooks, one of the firm of Jonah Brooks, Jr. & Co. The auditor found that, on the 10th day of March, 1834, the defendant was indebted to the firm of Jonah Brooks, jr. & Co., or to J. & C. K. Brooks, which firm consisted of Jonah Brooks, jr. and Chapin K. Brooks, who were merchants at Lunenburg; that the defendant gave said firm his note of that date for $13.18; that the defendant continued to trade with said firm until the 19th day of February, 1835; that in December, 1834, the said Chapin K. Brooks, one of said firm, contracted with the defendant to cut and deliver to him, at a place agreed upon, the 1000 cedar posts charged in defendant's account, at the sum of $3 per hundred, and it was agreed between the defendant and said Chapin, that the posts should go in payment of said company note, dated March 10th, 1834, for $13.18, and the remainder on his store account, which was then unsettled, and if the posts should amount to more than the store account, the balance should be paid in goods out of the store; that, on the 19th day of February, 1835, the defendant, having then delivered about 700 posts, called at the plaintiff's store and settled his account and gave his note of that date for $13.25, payable to J. & C. K. Brooks; that the defendant did not trade with the company any after he settled his account on the 19th of February, 1835, and the company stopped trade on the 22d of June, 1835, and said notes were never cancelled. If the court should be of opinion, from the foregoing facts, that the plaintiffs were indebted to the defendant on book, then the auditor allowed the defendant's account at $30.00 and ten dollars twenty-five cents interest thereon.

The plaintiffs having filed with the auditor the note dated 19th of February, 1835, for $13.25; the auditor allowed $4.98 interest thereon, which, being deducted from the defendant's account, left the sum of $22.02 due the defendant to balance book accounts between the parties.

The county court accepted the report and rendered judgment thereon for the defendant to recover upon his declaration in offset against the plaintiffs the sum of $22.02. The defendant pleaded this judgment in offset to the note in suit, and the county court rendered a final judgment in favor of the

Essex,
*March,*
1842.

Brooks & Co.
*v.*
Jewell.

defendant, for the balance due him after deducting the amount of said note. The plaintiffs excepted to the decision of the county court in rendering judgment for the defendant on the auditor's report.

*W. Heywood, Jr.*, for plaintiffs.

I. The plaintiffs object to the affirmance of the judgment of the county court for the reason that it does not appear that the posts were delivered to the plaintiffs, but on the contrary it would seem, from the report, that they were delivered to one of the plaintiffs for his individual benefit.

II. The posts, if delivered the plaintiffs, were delivered as a payment of defendant's note and should have been given in evidence as payment in the action instead of filing a declaration in offset as was done in this case. This course seems to have been taken for the purpose of making the defendant a witness to prove the payment of the note in suit. This cannot be done. *Slasson* v. *Davis et al.* 1 Aikens' R. 73.

Goods or money delivered in payment of a debt can never be the ground of an action. 1 Swift's Dig. 583. *Allen* v. *Thrall*, 10 Vt. R. 255. *Stevens* v. *Tuttle*, 3 Vt. R. 519.

The right to charge on book must exist at the time of the delivery of the goods and no subsequent contingency can give the right to make the charge. *Nason* v. *Crocker*, 11 Vt.R.463. If the plaintiffs were to pay for the posts in goods out of their store, the defendant cannot recover therefor unless the plaintiffs refused to deliver him goods on reasonable request. *Scott* v. *Nichols*, 12 Vt. R. 76.

See *Chillis* v. *Wood*, 11 Vt. R. 466, where it was decided that the plaintiff might recover for money paid ; but that case was so decided for the reason that the parties treated the money so paid as a subsisting claim and it was credited by defendant and charged by plaintiff and the debt on which it was to have applied was sued and collected by defendant before the action was brought. See *Loomis* v. *Pulver*, 9 Johns. R. 244.

*I. Young* and *J. Cooper*, for defendant.

The parties shall have the same right to plead in offset in a case coming into the county court by appeal as if the ac-

tion had been originally entered in the county court. Revised Statutes, chap. 34, sec. 6.

The defendant may file his declaration on book in offset to the plaintiff's demand. Revised Statutes, chap. 34, sec. 8. And the sum recovered on such declaration shall be set off against the demand of the original plaintiff. Chap. 34, sec. 9. See *Way* v. *Wakefield,* 7 Vt. R. 223.

Essex, *March,* 1842.

Brooks & Co. *v.* Jewell.

The opinion of the court was delivered by

Williams, Ch.J.—The question before us is, whether the report of the auditor should have been accepted on the facts as found and stated by him.

The charge was for one thousand cedar posts at $30.00. Two objections are raised by the plaintiffs against a recovery in favor of Jewell;—first, that the posts were contracted for and delivered to Chapin K. Brooks, one of the firm of the plaintiffs. On this it is sufficient to remark, that it was a question of fact for the auditor to decide whether the charge was properly against Jonah Brooks, Jr. & Co. or against Chapin alone, and he has found against the firm. Moreover, from the facts as detailed, there is no question, but that the conclusion to which he arrived was correct.

The second objection is, that the posts were delivered in payment of the note in suit, and therefore can afford no ground for a recovery in an action on book, and the cases of *Slasson* v. *Davis,* 1 Aikens, 73, and *Stevens* v. *Tuttle,* 3 Vt. R. 19, relied are on in support of this objection. It is true that where goods or money are delivered or services performed in payment of a debt, they cannot be the subjects of an action, but must be applied in payment, and if a suit is brought on the original debt, the party paying must see that the application is made. That, which is intended to extinguish a demand and prevent a suit, is not to be made the subject and foundation of an original action or suit, to recover therefor. Neither can any one, on a *plea in offset,* recover for any demand for which he could not recover in an original action. But where an account was contracted the parties must have contemplated that charges therefor should be made on book, and which must be subject to a future adjustment between them, though they may have intended the amount should, in the end, be applied in payment of an

Essex,
*March,*
1842.

existing debt. An action on book, or a plea in offset may be maintained, to recover therefor, if the creditor refuses either to adjust the account or apply the balance in payment. This was decided in the case of *Strong* v. *McConnel*, 10 Vt. R. 231. The case under consideration is within the principle decided in the latter case. Indeed, from the facts reported by the auditor, it would appear rather that the note, by the agreement of the parties, was to be received by the defendant in payment of his account; as the account was to be for a much larger sum than the note. The auditor and the county court decided correctly in allowing the defendant, Jewell, to recover for the amount of the cedar posts. The auditor has deducted from the account of Jewell another note of $13.25 given in February, 1835. From the facts stated in the report, this was correct, as the cedar posts were to be paid for in goods out of the store. This note was given for such goods after a part of the posts had been delivered but before the whole were delivered. The balance due for the posts, which was to be paid in goods out of the store of the plaintiffs, was not paid, as they stopped trading in June, 1835, only a few months after the posts were delivered, and they could not, according to the terms of the contract, pay in the manner agreed on, and there was no unreasonable delay on the part of the defendant in not calling for the goods, before that time. The judgment of the county court, therefore, in favor of the defendant, for the sum which the plaintiffs were in arrear to him, is affirmed.