## Thomas C. Davis v. Thomas Petit.

### *Contract. Exchange of work.*

A mutual agreement between two persons, that the accounts of each may be paid by the work of the other, is valid, founded upon sufficient consideration, and binding as to the accounts which may thereafter accrue between them; and where a small balance already due one of the parties is included in the agreement, and the parties act in pursuance of the agreement for several years, during which an account accrues in favor of the other party much more than sufficient to pay that balance, an application will be made of so much, in satisfaction of it, as may be necessary therefor.

Book Account. In April, 1849, the plaintiff, who was a blacksmith, and the defendant, who was a wagon-maker, mutually agreed that they would exchange work, the defendant to take the work of the plaintiff, and the plaintiff the work of the defendant; and at the same time the plaintiff agreed to receive payment of the balance of $1.11 then due him in the same way that his subsequent account was to be paid. There was no limitation in the agreement respecting their future accounts, either as to time or amount, and the parties continued their dealings under it until the summer of 1852, during which time, mutual accounts to a considerable amount had accrued in favor of each, when the plaintiff notified the defendant that he would take no more of his work. The defendant continued his business of wagon-maker up to the time of the commencement of the suit and was ever ready to work for the plaintiff and pay whatever balance was his due in the manner agreed upon. The auditor reported, that upon the foregoing facts, he found nothing due to either party; but that if he erred in point of law in finding nothing due from the defendant on account of that agreement, there was a balance of $58.99 due to the plaintiff.

The county court, August Term, 1854,—PECK, J., presiding,— accepted the report, and rendered judgment thereon for the defendant, to which the plaintiff excepted.

*F. Hazen,* for the plaintiff.

*G. Harrington,* for the defendant.

The opinion of the court was delivered by

ISHAM, J.   The contract between these parties, that their mutual accounts might be paid by each other in work from their respective shops, was made in April, 1849, and included the small balance which was then found due to the plaintiff.   In relation to the accounts which subsequently accrued, that contract is binding between them, and the defendant is not liable to pay the plaintiff's account, except in the manner they had stipulated.   That mutual promise is a sufficient consideration to render that contract obligatory.   If the case rested on that contract alone, the plaintiff would probably be entitled to recover the balance which was found due to him at the time of making that arrangement, as the agreement, in relation to that balance, would be a mere accord without satisfaction.   We find from the case, however, that the parties continued their dealings under this contract until the last of June, 1852, when the plaintiff notified the defendant that he would take no more of his work.   As a subsequent account accrued under that agreement, much more than is sufficient to pay that former balance, we think, so much of the defendant's account, as is necessary for that purpose, should first be applied in that manner; so that no recovery can be had in this action for that balance.

The contract was not repudiated by the plaintiff until after this account had accrued, and the defendant, as the auditor finds, has ever been ready to pay the balance due the plaintiff, in work, from his shop, as they had contracted.   No action can be sustained by the plaintiff to recover this account, until after a demand is made and the defendant has refused or unreasonably neglected to perform the services according to the stipulations of his contract. *Russell* v. *Ormsbee,* 10 Vt. 274.

The judgment of the county court is affirmed.