## McBain, et. al., vs. Austin.

Where goods are sold and delivered to be paid for by a specific article of personal property, no action can be maintained for the price or value of the goods sold, unless the vendor has refused to deliver the stipulated article, after a proper demand.

Where McB. & F. were co-partners in the manufacture and sale of pumps, and F sold to A a pump to be paid for by personal property, to be delivered only on the order of F, and McB afterwards demanded it of A without such order, who did not know that McB & F were co-partners except from McB's assertion. *Held*, 1. That such was not a proper demand, and that A was not obliged to comply with it by delivering the property. 2. That F as a co-partner of McB had a right to make sale of the pump upon such condition and that the firm would be bound by it.

APPEAL from the Circuit Court for *Dodge* County.

The respondents, *McBain* and *Foster*, brought an action against the appellant in justice's court to recover for a pump sold and delivered to him, for $14. Defence: general denial and payment. One of the plaintiffs testified on the trial, that the plaintiffs sold the appellant a pump about the 1st day of November, 1860, and that the terms of sale, as stated by the defendant, were, that the pump was sold for $14, and the defendant was to deliver a cow for the pump, and the plaintiffs to pay the defendant $4; that he demanded the cow of the defendant, and he refused to deliver her, because he had no order from *Foster*, his co-plaintiff, and that the defendant was to deliver the cow soon after the pump was sold. The plaintiffs were partners in trade at the time of the sale and delivery of the pump. The defendant testified that the bargain was, that he was to give the cow for the pump, and the plaintiffs were to pay him $4.50; that he wrote to *Foster* to come and get the cow, and that he afterwards saw *McBain*, and that he refused to let him have the cow, for the reason that *Foster* had ordered him not to let the cow go to any one without his order. *Mc-Bain* said that *Foster* and himself were partners, and the defendant told him he did not know that he was a partner of *Foster's*. The defendant gave in evidence a letter from *Foster* to defendant, dated April 8th, 1861, directing him to sell the cow and send him the proceeds. The plaintiff, *McBain*, being recalled, testified that the only difficulty about the matter when he called for the cow was, that he had no order from *Foster*, and that he, *McBain*, was ready to settle and take the

cow. The justice rendered judgment against the defendant for $14.44 damages, and $4.88 costs, and the defendant appealed to the circuit court. The circuit court affirmed the judgment of the justice, and the defendant appealed.

*Smith & Ordway*, for appellant.

*Sloan & McFetridge*, for respondent.

*By the Court*, COLE, J. : It will probably not be contended that an action would lie for the value of the pump so sold to the appellant, until he was in default in neglecting or refusing to deliver the cow according to the agreement. It is admitted, that by the agreement, they were to give the pump and four dollars, or thereabouts, for the cow. Since, then, the pump was not to be paid for in money, but by a specific article of personal property, it follows that the action cannot be maintained unless the appellant has refused to deliver after a proper demand. It appears from the evidence that *McBain* made a demand for the cow, but we think it insufficient, for the reason that he had no written order from his partner, which we think was essential, according to the terms of sale. He says in his testimony, that when he demanded the cow of *Austin*, the latter refused, because he had no order from *Foster*. And *Austin*, himself, says that *Foster* directed him not to let the cow go without his order. It is not pretended that *McBain* had any such order when he made the demand, and therefore we are inclined to the opinion that *Austin* was not obliged to deliver it, on that ground alone.

The answer which is made to this objection is, that *McBain* and *Foster* were partners, and that one had as much power and control over the partnership matters as the other. But this does not fully meet the difficulty. The question is, assuming that *McBain* and *Foster* were partners, could not the latter bind the firm by the agreement which he made in respect to the delivery? The objection assumes that it was a condition of the sale, that the cow should only be delivered on an order from

*Foster.* Was it not competent for *Foster* to make such a condition, and bind the firm by it? We think it was. In the present case, there would seem to. be strong reasons for holding such a condition binding upon the firm. The trade was made by *Austin* and *Foster.* It does not appear that the former knew that the latter had a partner. He did not know *McBain,* and as a matter of course, was ignorant of the fact that he was *Foster's* partner, or had any right to the cow. Was he to take notice at his peril, that *McBain* was *Foster's* partner, and deliver him the cow, when the only man he knew in the transaction had directed him not to deliver it without his order? Under these circumstances, we think he might reasonably and properly insist upon the presentation of a written order as a condition of delivery. The sale was made upon such a condition, and a prudent man would for his own safety, require that it be complied with. *McBain* swears that the appellant did insist upon it, and that he refused to deliver the cow because he had not the order. And, not having this, he did not make such a demand for the cow as to put the appellant in default. It follows from this, that the judgment of the circuit court must be reversed.