Cass v. McDonald.

---

## HIRAM CASS v. A. McDONALD.

### *Book Account. Offset. Payment.*

One item of the plaintiff's account was for five days work at $8.25. The defendant indorsed that sum as for that five days work, soon after the work was done, on a note for $10., which he held against the plaintiff at the time the work was done, but without the knowledge or consent of the plaintiff, and the plaintiff charged said work on book, supposing that it would be adjusted in their mutual accounts. *Held*, that the defendant had no right to appropriate and apply that item of work as *payment* on said note, and by such application and indorsement defeat the right of the plaintiff to have it constitute an item of charge in his running account with the defendant, and to have it reckoned and embraced by the auditor in this suit on book.

Cass *v.* McDonald.

The defendant borrowed of the plaintiff eleven pounds of nails with the under-standing that the defendant was to pay for them in nails again, which he never did, and the plaintiff never made any demand for them, but charged them on book at the time they were borrowed—which was about four years before this suit on book was brought, including said nails as one item. *Held*, that the plaintiff could recover for the nails.

BOOK ACCOUNT. This action was tried in the county court, on a special report of the auditor, at the December Term, 1865, WILSON, J., presiding, and the court rendered judgment on the report for the plaintiff to recover the sum of $7.59, to which decision the defend-ant excepted. The facts found by the auditor are sufficiently set forth in the opinion.

*Wm. W. Grout*, for the defendant.

*John P. Sartle*, for the plaintiff.

The opinion of the court was delivered by.

BARRETT, J. This is an action on book, in which, before the auditor, the plaintiff presented a running account against the defend-ant, commencing in 1855 and closing in 1863, consisting of thirty-two items; and the defendant presented an account in offset com-mencing in 1852 and closing in 1862, consisting of twenty-eight items.

One item of the plaintiff's account was for five and one-half days work in October, 1858, for which the auditor finds the plaintiff enti-tled to have $8.25. The defendant seeks to apply $7.50 of this sum on a note for some $10. which he held against the plaintiff at the time the work was done, and on which he endorsed that sum as for that five and one-half days work soon after the work was done, but without the knowledge or consent of the plaintiff. The report states that the plaintiff charged said work on book, supposing that it would be adjusted in their mutual accounts. After this suit was brought the defendant sued the plaintiff on the note, and took a judgment by default for the amount due on the note after deducting said endorse-ment. As that judgment is not claimed to bind the plaintiff in respect to said endorsement, the question in respect to that item in

Cass *v.* McDonald.

this suit stands the same as it would if said judgment had not been rendered, or said suit brought on said note ; and that question is, whether, upon the facts shown by the report, it was the right of the defendant to appropriate and apply that item of work as *payment* on said note, and by such application and endorsement defeat the right of the plaintiff to have it constitute an item of charge in his running account with the defendant, and to have it reckoned and embraced by the auditor for its full sum in this suit.

We are not unmindful of the law as very often announced in this and other states, as to the rights of parties in respect to the appropriation of the payments as between different debts which a creditor holds against his debtor. But those cases all assume that *payments* have been made as such, and where the creditor has been allowed to make the application, the manner and circumstances of the payment have negated any indication by the debtor of any particular application to be made.

In this case we are unable to hold that that work is to be regarded as a payment made by the plaintiff to the defendant, in any legitimate sense of the term. It was the subject of mutual current account, and, unless there was some understanding between the parties to the contrary, it would remain such, and to be adjusted as such. Even as against the concurrent account of the other party, it would not be payment, but only *offset*, in the absence of an agreement that it should be payment. Much less then could it be assumed and treated by the party against whom it accrued, as payment on a debt of a different nature, and one that had no connection with the current deal and accounts between the parties. The point in this case can be tested, by inquiring, if the defendant, without having made any endorsement on the note or claimed or assented to have that item treated as a payment, had sued his note, could the plaintiff have brought forward this item in defence to the suit under a plea of payment? If he could not, no more can the defendant give it the character and treat it as a payment on the note ; for its character is fixed by the relation of the parties in respect to it at the time it accrued, and that character cannot be altered by the will or wish of either party without the consent of the other.

Cass *v.* McDonald.

Under these obvious views the various cases that have been cited as to the appropriation of payments have no bearing on this case, for the reason that here was *no payment* by the plaintiff to the defendant, in any sense known to the law. But should we regard such accruing item in the character of a payment by the plaintiff to the defendant to be applied either on the book account of the defendant against the plaintiff, or upon the note, still in view of the fact found by the auditor, that the plaintiff charged said work on book, supposing it would be adjusted in their mutual book deal, in connection with the fact that there was mutual book deal existing and going on between them, and that nothing had been said between the parties that it was to be adjusted and applied in any other way, would preclude the defendant from appropriating it in any other way without the knowledge and concurrence of the plaintiff. Judge REDFIELD, in *Robinson et al.* v. *Doolittle et al.*, 12 Vt. 246, well states the true view in saying : ." there are many cases where no express application is directed by the debtor, and still the circumstances in the case show most conclusively what must have been his intention, where this intention is so evidenced it must always prevail."

The charge for nails we think was properly allowed. The report states that the nails were borrowed by the defendant with the understanding that he was to pay for them in nails again. This is not the ordinary case of borrowing an article for use, and the same to be returned—the property remaining in the lender. It is rather a purchase with an agreement to pay in kind. The nails became the property of the defendant the moment they were delivered to him. It was for the purpose of using them up as his own property that he borrowed them. It was his duty to pay according to the understanding, in reasonable time ; and on failure to do so, it was the right of the plaintiff to have pay in money or in offset to other account, unless the defendant should actually pay in kind. It was right and proper to make a charge of the nails when delivered, the defendant having the right to discharge that item by paying it in nails. The item accrued in 1859. This suit was brought in 1864, and the audit was in December, 1865. To the ordinary understanding a reasonable time had long elapsed before the bringing of the

suit, and though the auditor does not state the fact as found, still as, upon the facts shown by the report, he has allowed the charge and the county court have adopted such allowance, and as he would have been warranted in finding failure to pay in a reasonable time, we infer that he did so find.

The case of *Stone* v. *Pulsipher et al.*, 16 Vt. 428, embodies all the principles necessary to be invoked to justify and maintain the allowance of this item.

On the whole we think the judgment of the county court is in entire accordance with well settled principles, and does justice to the parties both in damages and costs, having reference to the course and apparent intentions of both parties, in the two suits that have gone on between them.

Sometimes a litigant is fortunate in laying an anchor to the windward as to costs, as in the early case of *Pratt* v. *Gallup*. In this case the law does not enable the court to carry into effect the apparent providence of the defendant in this respect.

The judgment is affirmed.