# HANNIBAL ADAMS v. OWEN L. COOTY.

*Mortgage.    Statute of Frauds.    Assumpsit.    Pleading.*
*Landlord and Tenant.*

1. There may be an adjustment and recovery on what has been done under a contract which was within the Statute of Frauds. Thus, the plaintiff, on the defendant's request made by letter, purchased a farm for him, but retained the title in himself as security for the price, and the defendant occupied it as owner for several years, paying some of the interest and a part of the taxes, making repairs, and then abandoned the farm; *Held*, (*a*) that the defendant in effect was a mortgagor in possession, and that his abandonment operated as a foreclosure; (*b*) and that the plaintiff was entitled to recover the excess of the debt above the value of the premises.

2. The farm was encumbered with mortgages which the plaintiff assumed when he purchased it; *Held*, that as fast as he made a payment on them he had a right to charge it to the defendant as made at his request.

3. A reservation in the deed from the original owner to the plaintiff of waste water does not relieve the defendant, although there was nothing in the letter authorizing the purchase as to it,—as his taking possession of the premises was a ratification.

GENERAL ASSUMPSIT. Heard on a referee's report, December Term, 1887, ROYCE, Ch. J., presiding. Judgment for the plaintiff to recover $52.40. Exceptions by plaintiff.

The referee reported in part as follows : " In regard to the farm transaction I find the following facts : In the spring of 1877 the defendant was in Elkhart, Indiana, and wrote the plaintiff a letter in regard to the Smith farm ; said letter was not produced before the referee. The plaintiff claimed said letter was lost, and was fully examined and cross-examined as to the loss of said letter, and the search he had made to find the same, after which he testified without objections to the contents of said letter, which he said was in substance as follows : ' He wished to have me buy the Smith farm for him—buy it as cheap as I could ; it ought to be bought for about two

thousand dollars. If I would pay for it, and give him time to pay me, he thought he could pay for it.' "

The other facts are sufficiently stated in the opinion of the court.

*William E. Johnson*, for the plaintiff.

The plaintiff merely held the title to the farm as security.

There can be no question but what the defendant could have compelled plaintiff to have deeded him the farm by a bill for specific performance, and we submit that if so the right was reciprocal and plaintiff could have equally compelled defendant to have taken a deed. Browne St. Fr. pp. 444, 448, 462, 471. The Statute of Frauds does not apply. The case rests upon the common principle of a recovery being had for money paid at a party's special request.

*French & Southgate*, for the defendant.

To recover, the plaintiff must show a contract for the purchase of the farm, proved by writing, as required by statute. R. L. s. 981. The letter is not a sufficient memorandum. It must show just what the bargain was. *Ide* v. *Stanton*, 15 Vt. 685; BENNETT, J., in *Buck* v. *Pickwell*, 27 Vt. 157 (167); Browne St. Fr. s. 371; *Elmore* v. *Kingscote*, 5 B. & C. 583, 11 E. C. L. 594; *Peltier* v. *Collins*, 3 Wend. 459; *Baptist Church* v. *Bigelow*, 16 Wend. 28.

It does not contain the price, which is the essential of the memorandum of a contract of sale. Browne St. Fr. s. 376; *Ide* v. *Stanton, supra*; *Elmore* v. *Kingscote, supra*.

It shows no more than a " treaty pending," which is not enough. Browne St. Fr. s. 371 *a.*

No subsequent change in the terms can be shown. *Dana* v. *Hancock*, 30 Vt. 616. If there is no sufficient memorandum there can be no recovery by way of damages or expenses, etc. *Ballard* v. *Bond*, 32 Vt. 355.

Part performance will not, at law, take a case out of statute. *Hibbard* v. *Whitney*, 13 Vt. 21; *Davis* v. *Farr*, 26 Vt. 592;

Adams v. Cooty.

*Adams* v. *Townsend*, 1 Met. 483 ; *Inhabitants of Freeport* v. *Bartol*, 3 Me. 340 ; *Norton* v. *Preston*, 15 Me. 14.

Rent cannot be recovered, as the relation of landlord and tenant did not exist. *Hough* v. *Birge*, 11 Vt. 190 ; *Stacy* v. *Vt. Cent. R. R. Co.* 32 Vt. 551 ; Rob. Dig. p. 56.

A party can defend under a contract within the Statute of Frauds. Rob. Dig. 343. Plaintiff has never tendered the defendant a deed. He himself has only an equity of redemption. The water reservation would justify a refusal on the part of the defendant to perform.

The opinion of the court was delivered by

Ross, J. The contention is whether the plaintiff is entitled to recover anything growing out of the purchase of the farm by the plaintiff of the Smiths, and its occupation by the defendant from May, 1877, to March, 1883. The plaintiff does not now claim that he can recover rent for the use of the farm during that period, on the facts found by the referee. The referee has found that there was no agreement express or implied to pay rent—which is necessary to enable the plaintiff to recover rent— but during all that time the defendant occupied the farm as the owner thereof. On these facts a legal claim for rent cannot be predicated. But the plaintiff claims that he is entitled to recover in assumpsit for what he paid out, in the farm transaction during the time the defendant occupied the farm, on the ground, that on the facts found by the referee, such payments were made upon the express or implied request of the defendant. The controlling facts reported by the referee are, that in 1877 the defendant wrote the plaintiff a letter, requesting him to purchase the farm for the defendant and pay for it, and he would pay the plaintiff, but must have time to do so, and stating the sum for which he thought the farm ought to be purchased. The plaintiff made the purchase for the sum named, took a deed to himself, notified the defendant and he immediately moved to, and took possession of the farm, and carried it on, as the owner, until March, 1883. While the

Adams *v.* Cooty.

defendant was so in possession, he paid some interest on mortgage debts assumed by the plaintiff, and made repairs upon the premises. The plaintiff paid the taxes, some of the interest on the mortgage debt, insurance on the buildings, and half of the mortgages which he had assumed to pay in the purchase from the Smiths. The defendant makes a claim that he could not be holden to take the farm, because there was no sufficient memorandum of the trade in writing signed by the defendant. This is doubtless true under the authorities cited. He also contends that the reservation in the deed of the waste water would relieve him because nothing was said about such a reservation in the letter authorizing the purchase. It is a sufficient answer to this contention, that the defendant after he was informed of the purchase made by the plaintiff for him, and at his request, took possession of the premises as owner, and thereby ratified the reservation, if a ratification was necessary. We think the construction to be placed upon the defendant's letter, and the construction which both parties by their acts placed upon it, is, that the plaintiff should buy the farm for the defendant, pay for it, and hold the title as security for payment by defendant, and the defendant would pay him therefor. On this construction and understanding of the parties, the plaintiff was to pay for the farm, and as fast as he paid he had the right to charge it over to the defendant as a payment made at his request and in his behalf. So long as the defendant continued in possession of the farm as the owner, he continued the request to the plaintiff to go on with the payments, and agreed to pay the plaintiff the same, if not in terms, impliedly, from their original and continued relations to the farm. During all this time, the defendant on tendering to the plaintiff payment of what he had paid, and relieving him from the payment of the remaining part of the purchase money, being in possession as owner, could have compelled a conveyance of the farm to himself. So long as these relations between the parties were continued by the defendant by his occupation of the farm as owner, the payments made by the

plaintiff towards the farm, were made upon the original understanding between the parties, on the behalf, and at the request of the defendant, and upon his agreement both expressed in his letter, and implied from the relations of the parties, to repay the same to the plaintiff. Hence, the plaintiff had the right to charge all such payments to the defendant, and hold the title to the farm as security for their payment by the defendant. When the defendant abandoned the farm, such abandonment was notice to the plaintiff that he would no longer continue the relations.

On these views the plaintiff had a debt against the defendant, when he abandoned the farm for whatever he had paid on the farm transaction, while the defendant continued in its occupation as owner, by way of purchase money, interest, taxes and insurance. This sum is between $1600 and $1800, and can be ascertained by the clerk. If the relations of the parties had continued unbroken this would be the sum for which the plaintiff would be entitled to recover from the defendant on this branch of the case. But as we have already said the plaintiff held the title to the farm during all this time as security for the payment by the defendant of the sums so paid by the plaintiff, and also for the repayment of sums which the plaintiff should thereafter be obliged to pay on the farm contract. The defendant abandoned the farm and thereby notified the plaintiff that he would go no further in carrying out the contract. The contract, not having been reduced to writing in all its essential elements and signed by the parties, was within the operation of the Statute of Frauds, and neither party to it could legally maintain any action for its enforcement. They could legally only adjust what had been done under the contract. When the defendant abandoned the farm he thereby surrendered all right in equity to redeem the premises. He could no more maintain an action to redeem than the plaintiff could to foreclose the equity of redemption, or compel him to specifically perform the contract. While in possession, his relation in effect was that of a mortgagor in possession. When he

abandoned the premises his relation became that of mortgagor with his right of redemption foreclosed. The plaintiff thereafter held the premises absolutely his own; because the de-defendant, in as much as the contract was within the operation of the Statute of Frauds, could maintain no action to redeem. He held them in payment, so far as available for that purpose of the debt which the defendant owed him arising out of the farm transaction. A mortgagee who has received the mortgaged premises, on a foreclosure, can recover only the excess of the debt secured by the mortgage above the value of the premises when taken on the foreclosure. Hence, the plaintiff has the right to recover only so much of his debt against the defendant, for the payment of which he held the title of the farm, as that debt exceeded the value of the farm above what was then resting upon it. There was one thousand dollars of the purchase price then resting upon the farm. The farm had, while the defendant remained in possession, going forward in carrying out the contract, depreciated in value three hundred dollars. This fixes its cash value when it came back into the possession of the plaintiff, with the defendant's rights therein foreclosed by his abandonment, at seventeen hundred dollars. As there was still one thousand dollars of the purchase money unpaid by the plaintiff, resting upon the farm, there would be only seven hundred dollars available to the defendant to be applied in reduction of the debt which he then owed the plaintiff arising out of the farm contract. To ascertain the exact sum for which the plaintiff is entitled to judgment, it is necessary to have the interest recast on the basis of the views expressed. The case is committed to the clerk to recast the interest and state the sum for which the plaintiff is entitled to judgment.

The judgment is reversed. Judgment rendered for the plaintiff to recover the sum for which he had judgment increased by the sum ascertained by the clerk and his costs.

The judgment against the trustee is affirmed without costs in this court.