NELSON & WALLACE *v.* MARTIN H. GIBSON.

January Term, 1916.

Present:   MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed October 10, 1916.

*Evidence—Memorandum Books Used to Corroborate Testimony —Obligations Payable in Specific Articles—When Demand Is Necessary—Findings Supported by Evidence—Book Account—What Claims Recoverable—Torts—Unliquidated Damages—Use and Occupation of Land.*

A memorandum book, used without objection to refresh a witness's recollection, is admissible in evidence as corroborative of his testimony.

Where the source of the witness's information is such as to make his testimony admissible, a memorandum made at the time of the transaction in question and merely used to corroborate his testimony, is not open to the objection that the witness did not know of his own knowledge that the entries therein were correct when made.

Where an obligation is made payable in specific articles on a day certain no demand is ordinarily necessary in order to render the obligor liable to pay in money, upon default of payment or·tender of the articles at the time named.

Where an obligation is made payable in specific articles, and no time is fixed, payment must be made within a reasonable time, and without demand, unless the contract requires it, or the special circumstances of the case make it necessary before the obligor can perform.

Where there is evidence tending to support an inference made by an auditor the finding is not open to attack in Supreme Court.

A tort cannot be waived and recovery had on book account, except by mutual consent.

Unliquidated damages claimed by either party arising from a breach of contract, express or implied, cannot be adjusted in an action of book account, except by mutual agreement or expectation.

In order to recover for rent, there must be an agreement to pay, express or implied.

A claim for the use and occupation of land, cannot be recovered in an action of book account, without an agreement, express or implied, that it may be treated as a proper charge on book, unless such claim is sought to be offset against charges on book claimed by the other party and agreed to be adjusted by offset.

BOOK· ACCOUNT. Heard on the report of the auditor and exceptions thereto by both parties at the June Term, 1915, Caledonia County, *Miles*, J., presiding. Judgment on the report for the plaintiff. Both parties excepted. The opinion states the case.

*Dunnett & Shields* for the plaintiffs.

The court erred in disallowing the sum of $781.58 found by the auditor to be due and owing the plaintiffs for brick sold by them to the defendant, under an agreement with the defendant that payment was to be made ·in kind.

The defendant cannot excuse himself for failing to return the· brick to the plaintiffs, because no demand was made upon him to do so. *Way* v. *Wakefield*, 7 Vt. 223; *Cass* v. *McDonald*, 39 Vt. 65; 1 C. J. 979, 980; *Heard* v. *Lodge*, 20 Pick. 53, 60, 32 Am. Dec. 197; *Stearns* v. *Haven*, 16 Vt. 87.

The court erred in allowing the defendant $269.10 as rental or damages due the defendant by the plaintiffs for leaving their brick on defendant's kiln ground. Recovery for use and occupation of land cannot be had under book account. *Beach* v. *Mills*, 5 Conn. 494; *Stearns* v. *Dillingham*, 22 Vt. 624; *Scott* v. *Lance*, 21 Vt. 507; *Nichols* v. *Packard*, 16 Vt. 91.

The memorandum book was admissible in evidence as corroborative of the testimony of the plaintiff Nelson. *Lapham* v.

*Kelley,* 35 Vt. 195; *Soules* v. *Burton,* 36 Vt. 652; *Bates* v. *Sabin,* 64 Vt. 511, 24 Atl. 1013; *Taplin & Rowell* v. *Harris,* 88 Vt. 15.

*Porter, Witters & Harvey* for the defendant.

The item of $781.58 was properly disallowed. Under the circumstances detailed a demand on the part of the plaintiffs for the return of the brick was necessary. *Martin* v. *Fuller,* 16 Vt. 108; *McBane* v. *Austin,* 82 Am. Dec. 705; *Russell* v. *Ormsbee,* 10 Vt. 274; *Adams* v. *Cooty,* 60 Vt. 395.

The item of $269.10 was for rent of defendant's kiln, which remained filled with the plaintiff's brick after the termination of the lease. The defendant had the right to treat the plaintiffs as tenants upon whom was imposed a liability for use and occupation of the premises. 39 Cyc. 859-860.

"The use of memorandum or other writing whose correctness of authority is doubtful or not within the knowledge of the witness should not be permitted." 40 Cyc. 2451, 2455, 2458.

TAYLOR, J. This is an action on book account heard in the court below on an auditor's report and exceptions thereto by both parties. The exceptions were overruled and judgment was entered on the report for the sum found due the plaintiffs by the auditor after deducting one item that had been allowed by the auditor and a second item, as to which he made an alternative finding and submitted its allowance or disallowance to the court. The case is here on defendant's exceptions to the overruling of his exceptions to the report and on plaintiffs' exceptions to the action of the court on the report. The only question argued by defendant under his exceptions relates to the use made by the auditor of a memorandum used by plaintiff Nelson while a witness.

It appears from the report that plaintiffs leased defendant's brick yard some time in 1904 for a term of three years and that a new lease thereof was made in 1907 for further term of one year. Plaintiffs manufactured brick there during the years covered by their leases. In the summer of 1908 before defendant had burned his brick made that year, and apparently after the term of the second lease had expired, "plaintiffs sold defendant from their kiln a quantity of brick to be paid for by defendant in other brick." Practically all of these brick were

taken by defendant in July and August of that year.  Neither party kept account of the brick shipped by defendant or those returned to plaintiffs.  Plaintiff Nelson was a witness as to the quantity of brick taken by defendant under this agreement.  Such record as plaintiffs had of the quantity was made on information received from defendant's superintendent who had charge of loading the brick onto the cars.  Nelson testified that on occasions when he was at the brick yard he would ask the superintendent how many brick had gone out and then set the quantity down in a book used for that purpose.  It fairly appears from the auditor's report of the exceptions that Nelson had used the book to refresh his recollection when testifying.  The objection which is the basis of the exception was interposed when the book was offered in evidence.  The grounds of objection were that the book was not a book of account, that the charges were not made at the time the brick were shipped, that the witness did not know of his own knowledge that the entries were correct, and that it did not appear that the superintendent had anything to do with counting the brick and may have—quite likely did— get his information from some one else.  The auditor ruled that the book was not admissible as independent evidence but received it as corroborative of the witness' testimony.

Defendant's objection loses much of its force in not being addressed to the use of the book to refresh the witness' recollection.  Having been employed for that purpose without objection, its admissibility as a memorandum in connection with his testimony rests upon grounds not covered by the objection.  In the circumstances the auditor did not err in receiving it in corroboration.  As to the objection that the witness did not know of his own knowledge that the entries were correct when made, it is enough to say that if the source of his information was such as to make his testimony admissible, the memorandum made at the time and merely used to corroborate his testimony would not be open to the objection.  See *Lapham* v. *Kelly*, 35 Vt. 195; *Soules et al.* v. *Burton*, 36 Vt. 652; *Davis et al.* v. *Field*, 56 Vt. 426; *Bates* v. *Sabin*, 64 Vt. 511, 24 Atl. 1013.

Plaintiffs claim that the court erred in disallowing the item of $781.08 which the auditor found due for brick sold the defendant in 1908 under the agreement referred to above, as to which payment was to be made in kind.  The auditor reports that under this agreement defendant took 146,500 brick; that

defendant's brick were burned and ready for shipment early in the fall of 1908, that 48,250 brick were returned, that defendant was willing that plaintiffs take sufficient brick from his kilns to pay for what he had taken, that plaintiffs never demanded more brick, preferring to sell their own rather than take defendant's, that defendant never offered to return any brick and that defendant had brick in his yard from which plaintiffs might have taken a sufficient quantity to repay them up to Feb. 1, 1910. On the question of a reasonable time within which defendant should have returned the brick, and as furnishing the basis on which he computed interest, the auditor finds that up to January 1, 1909, would have been such reasonable time. He finds that there is due plaintiffs for bricks sold in 1908 and not returned $589.50 with interest from January 1, 1909, aggregating $781.08.

In disallowing this item the court said that, considering the auditor's finding that defendant had brick in his yard up to Feb. 1, 1910, from which plaintiffs might have taken a sufficient quantity to repay them and the fact that on May 2, 1910, defendant bought all the brick that plaintiffs then had, a quantity considerably in excess of the number found due plaintiffs on the contract of 1908, it appeared that on May 2, 1910, defendant had brick sufficient to repay plaintiffs in kind; and, because there was nothing in the report tending to do away with the presumption that the condition continued, it did not appear but that defendant has had that number of brick on hand to the present time and continued willing to pay in kind. A demand was held necessary, and it appearing that no demand was made, the court disallowed the item.

There is some conflict among the decisions as to the necessity for a demand where an obligation is payable in specific articles to convert the transaction into a money obligation. The difference of opinion appears to be influenced largely by the existence or non-existence of provisions as to the time and place of performance. Thus, where an obligation is made payable in specific articles on a day certain, no demand is ordinarily necessary. If the obligor fails to pay or tender payment in the articles at the time named, he renders himself liable to pay in money. But a demand of performance is sometimes held necessary in case there is no agreement fixing the date, especially if there is no stipulation as to place of delivery. 6 R. C. L. 947, citing *Ragland* v. *Wood,* 71 Ala. 145, 46 Am. Rep. 305 and

note; *Weil* v. *Tyler*, 38 Mo. 558, 90 Am. Dec. 441 and note; *Fosdick* v. *Greene*, 27 Ohio St. 484, 22 Am. Rep. 328; *McBain* v. *Austin*, 16 Wis. 87, 82 Am. Dec. 705. In *McKinnie* v. *Lane*, 230 Ill. 544, 82 N. E. 878, 120 Am. St. Rep. 338, it was said that, in case there was no agreement fixing the date, the law will pre-sume delivery to be made on demand, or at least within a rea-sonable time. There is some apparent conflict in our own deci-sions though it would seem that they can be harmonized on the theory that the question depends largely upon the circum-stances of the particular case. Thus, it is held that where a demand might otherwise be necessary it is not regarded as in-dispensable when in the circumstances it would be useless. *Harrington* v. *Wells*, 12 Vt. 505; *Brooks* v. *Jewell*, 14 Vt. 470; *Stearns* v. *Haven*, 16 Vt. 87. Other cases involving the ques-tion of demand where the contract is for payment in specific articles are *Way* v. *Wakefield*, 7 Vt. 223; *Russell* v. *Ormsbee*, 10 Vt. 274; *Martin* v. *Fuller*, 16 Vt. 108; *Davis* v. *Petit*, 27 Vt. 216; *Cass* v. *McDonald*, 39 Vt. 65.

An examination of these decisions discloses that this Court is not committed to the doctrine that the necessity for a demand is dependent upon the existence or non-existence of a stipulation as to the time of performance. Indeed, that seems to us an artificial criterion. We think a more logical general rule, one deducible from our cases, is to regard the right to pay in specific articles as a privilege to be exercised within a reasonable time, when no time is fixed; and without demand, unless the contract requires it or the special circumstances of the case make it necessary before the obligor can perform. In the case at bar there was nothing for plaintiffs to do required by the contract before defendant could act. His situation would not have been affected by a formal demand for delivery of the brick. It fol-lows that demand was unnecessary to perfect plaintiffs' right of action for their price after the expiration of a reasonable time. On the auditor's findings defendant was in default from Janu-ary 1, 1909. Plaintiff's right to recover the item in question was then perfected and the auditor properly computed interest from that date.

An interesting discussion of the subject of payment in specific articles will be found in the essay by Judge Daniel Chip-man, published by the author in 1822.

Plaintiffs insist that the court erred in allowing defendant by way of off-set $269.10 for the use of a portion of his kiln grounds during the season of 1909. Plaintiffs' lease of the premises contained this provision: "At the expiration of this lease any brick belonging to the party of the second part (plaintiffs) shall be removed from said yard as soon as the party of the first part (defendant) shall need the room for erecting a new kiln on, without any expense to the party of the second part for the use of the kiln grounds after the expiration of said lease." The lease expired some time in 1908, the exact time not appearing. The auditor reports that some time the latter part of the season of 1908 defendant saw plaintiff Nelson and told him that the brick were in his way and must be removed or they would have to pay him rent; that soon Nelson went to the kiln grounds and with defendant's foreman looked over the situation, and that Nelson learned from the foreman and discovered from his own observation that defendant did not need the room for erecting kilns. The auditor finds that defendant did not need the room occupied by plaintiffs' brick to erect kilns in the summer of 1908 and that no express promise to pay rent was ever made.

As to the season of 1909 the auditor reports that defendant had manufactured a large quantity of brick in 1908, a greater portion of which remained upon the ground during the first part of 1909, so that, taking into account all the brick, both his and plaintiffs', it was impracticable for defendant to make brick during that season and that he did not do so, nor could he under existing conditions. It does not appear that the notice to remove the brick or pay rent was renewed in 1909. It did not appear affirmatively whether defendant would have made brick in the season of 1909, if plaintiffs' brick had not been there. The auditor recites that defendant had constructed the kiln grounds and had all the machinery and facilities for making brick; that he had made brick there prior to 1904; that plaintiffs had manufactured brick there during each year they had the lease of the premises; that defendant had made brick there in 1908; and that no circumstances or conditions were shown why he would not have done so in 1909. He concludes: "If the foregoing facts furnish a sufficient basis upon which to found a reasonable presumption that the defendant would have manufactured brick during that season, then I find he 'needed' the room where

plaintiffs' brick were upon which to construct new kilns and that plaintiffs' right to have their brick remain upon said ground terminated'' under the quoted clause of the lease. The questions whether the circumstances detailed warranted the finding and whether from the facts found including the quoted clause of the lease a promise should be implied so as to make the item a proper matter of book account were submitted to the court. The sum allowed in case the court held the facts reported to be a sufficient basis for the finding was fixed at $269.10, including interest. The court held that the facts reported supported the auditor's inference that the defendant needed the room and that defendant had the right to treat plaintiffs as tenants after notice and could recover in this action reasonable compensation for the use of the premises.

That there was evidence tending to support the auditor's inference cannot be doubted, so his finding that defendant needed the room occupied by plaintiffs' brick is not open to attack in this Court. This leaves for consideration the right to have this item offset in an action on book account. Plaintiffs contend that at most they were licensees retaining possession after the license had been terminated, so that their subsequent possession was that of mere trespassers; and that, if the trespass could be waived and an action maintained for use and occupation, recovery therefor cannot be had on book account. If, as plaintiffs insist, they were mere trespassers, recovery cannot be had in this action. One cannot waive a tort and recover therefor on book account, except by mutual agreement. Roberts' Dig. c. 385, (59); c. 386, (70). Nor can unliquidated damages claimed by either party arising from the breach of a contract, special or implied, be adjusted in this action, except by mutual agreement or expectation. *Smalley* v. *Soragen,* 30 Vt. 2; *Chamberlain* v. *Farr,* 23 Vt. 265.

The most that can be claimed from the lease standing alone is that plaintiffs had the right to have their brick remain in the kiln yard until such time as defendant needed the room to erect a new kiln, and without charge for use of the grounds. There is nothing to indicate that the parties expected the brick would remain there beyond that time and nothing from which a promise to pay for the use of the land in case they did could be inferred. An agreement express or implied to pay rent is necessary to enable one to recover rent. *Adams* v. *Cooty,* 60

Vt. 395, 15 Atl. 150. But if there were findings sufficient to support an inference of a promise to pay rent, still there could be no recovery in an action on book account. A claim for the use and occupation of land cannot be recovered in this action without an agreement, express or implied, that it may be treated as proper charge on book. *Scott* v. *Lance,* 21 Vt. 507; *Stearns* v. *Dillingham,* 22 Vt. 624, 54 Am. Dec. 88. This is so unless they are sought to be offset against charges on book agreed to be adjusted by offset that are claimed by the other party on trial. Roberts' Dig. c. 387 (71).

We hold that the court erred in disallowing plaintiffs item of $781.08 and in allowing defendant's claim for the use of the kiln grounds in offset.

*Judgment reversed and judgment for plaintiffs for $4,413.39 with interest from the date of the judgment in the court below.*