Adm'r of PHINEAS PECK *v*. EPHRAIM W. HUBBARD.

In the case of a note payable in specific articles, at a fixed time, at such place as the payee shall elect, if no election is made by him, in reasonable time to enable the maker to pay the note before the time of payment elapses, the maker may, at such place as he shall elect, tender payment, and notify the payee of such tender.

In such case, the election of a place of payment, by the payee, is not a condition precedent, but a mere privilege, which, if not exercised in a reasonable time, is waived.

THIS was an action of assumpsit on a note for eighteen sheep, payable in the month of September, 1832, to be delivered at any place in Lyndon where the plaintiff should elect.

Plea, non assumpsit.   Issue to the court.

The plaintiff proved the note, as described in his declaration, and rested his case.

There was no evidence tending to show that the plaintiff ever elected or designated any place for the delivery of said sheep, or that the defendant ever applied to him for that purpose, or that defendant ever paid or tendered the sheep to the plaintiff at any place in Lyndon or elsewhere. The county court rendered judgment for the plaintiff, and the defendant excepted.

*Fletcher & Bartlett,* for defendant.

The plaintiff is not, in law, entitled to recover upon this evidence.

CALEDONIA,
July,
1839.

Adm'r of
Peck
v.
Hubbard.

1. The election of the place of delivery of the sheep is a condition precedent to be performed on the part of the intestate. *Jones* v. *Berkley,* Doug. R. 665.

2. The contract was imperfect, and the obligation of the defendant but inchoate until the performance of this prior act, and no right of action accrued, and no liability attached to the defendant till this prior act was done and notice given to the defendant. *Archerly* v. *Vernon,* Doug. R. p. 153, 157, and cases there cited.

3. The performance of this prior act must be averred and proved, and also a readiness at the time and place of delivery to receive the sheep. 1 Chit. 309, 316, 319. *Laughton* v. *Johnson,* 1 East's R. 203. *Morton* v. *Lamb,* 7 T. R. 125. *Brooks* v. *Page,* D. Chip. R. 340. *Worsley* v. *Wood,* 6 T. R. 719, 722.

*N. Baylies* and *G. C. Cahoon,* for plaintiff.

REDFIELD, J., who was necessarily absent when the judgment in this case was pronounced, afterwards drew up the following opinion :

It has been very ingeniously argued, in the present case, that, the note in suit, being payable in specific articles, on a day certain, "at any place in the town of Lyndon which the payee shall elect," this election of the place of payment is a condition precedent to be performed by him, before any right of action accrues. If so, it must have been strictly performed, or all remedy upon the note is forever lost. This is a conclusion to which the court would feel reluctant to come. Judge Swift, 1 Dig. 291, lays down the ancient rule as having been so, and cites 1 Leonard's R. 69, in support of the doctrine. No such principle is found in any very recent case, as applicable to contracts of this character. The *place* of payment is not of the essence of the contract. The act of election forms no part of the consideration of defendant's promise, but is a mere privilege reserved to the plaintiff.— Under such circumstances, courts have always inclined to consider the act not in the light of a condition precedent. *Taylor* v. *Gallup,* 8 Vt. R. 340. In the case of a promissory

CALEDONIA,
July,
1839.

Adm'r of
Peck
v.
Hubbard.

note, payable at a particular place, it was, after much controversy between the courts of common pleas and King's Bench, finally determined, in the house of lords, in England, that the plaintiff, in order to sustain an action upon the note, must allege in his declaration and prove on trial, that the note was presented for payment at the time and place fixed. This very inconvenient rule was finally dispensed with by act of parliament. In the case of *Hart, et al.* v. *Green*, 8 Vt. R. 191, this court held that such presentment was not necessary.

In the case of *Townshend* v. *Wells*, 3 Day's R. 227, it was decided, that in the case of a note payable in goods, at a day and place named, but in such articles as the payee should elect, such election was *waived* if not seasonably made, and the maker might make his own election. That case is approved by this court in the case of *Russell* v. *Ormsbee*, 10 Vt. R. 274, and must govern the present case. If, in this case, the plaintiff made no election, in seasonable time for the maker of the note to make payment, it was competent for him to elect his own place of payment, and notify the plaintiff, and a tender at such a place would be good. This is, we think, in accordance with sound reason and authority.

Judgment affirmed.