## O. H. WELCH v. ALVAH BRADLEY.

### Contract. Construction.

Under a contract by the defendant to deliver, during a period named, at a specified price, "lumber to be sawed into boards and such timber as said Welch may order, not over 20 feet," it was *held* that seasonable notice to the defendant, as to the kind of lumber or the quantity of each kind Welch wanted, was a prerequisite to his right of recovery for non-delivery, the consideration for the contract being executory. The construction might be different, were it an obligation given for the payment of a pre-existing debt.

ASSUMPSIT to recover for non-delivery of lumber. Plea, the general issue. Trial by jury, June term, 1868, STEELE, J., presiding. Verdict for the defendant. Exceptions by the plaintiff to the instructions of the court to the jury.

The action was founded upon a contract in writing, which, with all the other facts stated in the bill of exceptions, is set forth in full in the opinion of the court.

*Jonathan Ross* and *W. A. Pierce*, for the plaintiff.

*Thomas Bartlett*, for the defendant.

The opinion of the court was delivered by

PROUT, J. The plaintiff brings this action to recover damages of the defendant for the non-performance of a contract for the delivery of a certain quantity of lumber. The contract relied upon is in these words:

"Received of O. H. Welch ten dollars as an advance payment toward 75000 feet of spruce lumber which I agree to get for said Welch; 20000 to be delivered at St. Johnsbury Plain on or before the 1st of September next, and the balance of 55000 to be delivered at St. Johnsbury Plain in the winter of 1866. All to be $8.25 per 1000, and to be paid for when delivered. The lumber to be sawed into boards and such timber as said Welch may order, not over 20 feet. ALVAH BRADLEY."

The defendant, as the case shows, delivered the 20000 feet in 1864, to the plaintiff's satisfaction; but he never delivered the 55000 feet which, by the terms of the contract, was to be deliv-

ered in the winter of 1866, the plaintiff having neglected to make a demand, or to give notice to the defendant what kind of lumber or what quantity of each kind he required under the contract. On the trial in the county court, the plaintiff claimed that, in the absence of any demand or notice, it was the duty of the defendant to deliver the specified quantity of lumber in boards; but the court, not entertaining that view, instructed the jury that, if they found that no notice was given, nor demand made, as the defendant's evidence tended to show, the plaintiff could not recover.

It is apparent from this statement, that the result of the cause depends upon the question whether seasonable notice in point of fact to the defendant by the plaintiff, was a prerequisite to his right of recovery. In other respects the contract is definite. The amount, price, and time in which the lumber was to be delivered, were fixed, but the kind, whether boards or timber, was at the plaintiff's election, such as he might "order, not over twenty feet" in length. Considering the apparent object the parties had in view, we think the language upon which the question depends, means something more than the reservation of a mere privilege which the plaintiff was at liberty to waive or disregard at pleasure, especially in an executory contract of this character. Were it an obligation given for the payment of a *debt*, and made payable in boards or timber such as the plaintiff might order or select, the case might merit a different consideration. In such a case, an omission on the part of the plaintiff to designate or select the kind of article, might be considered a waiver of his right in that particular, and would throw the selection upon the defendant, who must perform his contract within the time limited; as held in *Russell* v. *Ormsbee*, 10 Vt., 274. If this was not so, all remedy upon the obligation might be lost forever, and in respect to a claim or debt unquestionably due. *Admr. of Peck* v. *Hubbard*, 11 Vt., 612. Such, however, is not the character of the contract in question. It was not given in payment of, or for the purpose of paying, a pre-existing debt. The consideration for it was executory. As to both parties it was essentially and really so, resting in mere agreement to perform at a future time; and that portion of the contract which remains unfulfilled, is also of that character. But

without attempting to distinguish the case from those above cited, we think the construction we should give the instrument, is obvious from the language used. The kind of lumber which the defendant bound himself to furnish, was left to be ascertained upon the plaintiff's designation, upon his order, as his future interest might dictate. His right of election in this particular is expressly reserved. The word "such" found in the last sentence of the instrument, used in the connection it is, is a correlative, and refers to both boards and timber, and, giving it a reasonable force and application, qualifies the obligation of the defendant to furnish only such boards and timber as the plaintiff might order. Upon any other construction, we must drop the words "and such" found in the contract, and supply their place so as to make the instrument read : the lumber to be sawed into boards, unless into timber as the plaintiff may order. If this is not the true construction of the paper, as suggested in the argument, the defendant might have delivered in performance of the contract any kind of boards, without regard to length (within the limit fixed), breadth or thickness, which it is not to be supposed the parties or either intended. It was, therefore, not only reasonable but essential for the plaintiff seasonably to notify the defendant what kind of lumber of the description contemplated he wanted and required. Not having given it, as he undoubtedly would if he desired a delivery of it in time, the instruction to the jury was correct, and the judgment of the county court is affirmed.