HENRY A. BUGBEE v. EZRA T. HAYNES, APPELLANT.

*Contract.*

A party having agreed to draw logs to a mill for another, a distance of about three miles, at a specified price, the latter to furnish for the purpose a pair of four year old steers handy and every way suitable for such work, is not obliged to accept a pair of old oxen, suitable for the work, but which could not travel as fast as ordinary four year old steers, and is not liable for not performing the job with such oxen.

THIS was an action of *assumpsit* appealed from the decision of a justice of the peace. The defendant filed a plea in offset. The

case was referred to a referee who filed a report, the substance of which is stated in the opinion of the court. The county court at the April term, 1869, BARRETT, J., presiding, accepted the report and rendered judgment thereon for the plaintiff, to which the defendant excepted.

*Chas. N. & G. W. Davenport*, for the defendant.

*Waterman & Read*, for the plaintiff.

The opinion of the court was delivered by

PIERPOINT, C. J. The only question in this case arises upon the defendant's plea in offset.

The defendant claims damages for an alleged breach of a contract entered into between the plaintiff and himself for the drawing of a quantity of saw-logs. From the contract as found by the referee, it appears that the plaintiff agreed to draw 200 saw-logs to the mill for a stipulated price. To enable the plaintiff to do this work, the defendant agreed to furnish him a pair of four year old steers, which the defendant then owned, and a suitable sled, chains, &c., suitable for the work. The plaintiff at this time knew nothing of the character of the steers as to their work, but the defendant agreed that they should be handy, and every way suitable for such work. When the steers were brought home and put to work, it turned out that the steers were what farmers call "off steers," unhandy, and not such steers as the defendant had agreed to furnish, and the plaintiff so informed the defendant. The defendant then proposed to the plaintiff to let him take his old oxen to do the job, which the referee finds were every way suitable for the work except that they did not travel as fast as ordinary four year old steers. This proposition the plaintiff did not accept, or make any reply to it, nor did he manifest any intention not to perform the contract on his part. There is nothing in the case to show that the plaintiff was not always ready to do the work according to the contract, when supplied by the defendant with such a team as he had agreed to furnish him.

As the furnishing of the team was preliminary to the doing of the work, the first duty was upon the defendant, and he had no

right to call upon the plaintiff to do anything until he had first furnished a team according to his agreement. The defendant did not furnish a yoke of four year old steers, but offered in' lieu thereof his old oxen: was the plaintiff bound to accept them? We think not. He had the right to stand upon the contract according to its terms. The defendant had no more right to change the terms of the contract in respect to the team than he had in respect to the price to be paid. The defendant might as well have said that he would not pay in money but would pay in grain, and then attempt to justify himself on the ground that the grain would be as good for the plaintiff as the money.

But the referee has found that the old oxen were not in fact as good for the work as the team contracted for, and that in a very important particular, in a contract of this kind, as every one can see that in doing the kind of work contemplated by this contract, the speed of the team is a very essential matter.

As the defendant failed to comply with the terms of the contract on his part, to furnish the stipulated team with which the work was to be done, he has no claim upon the plaintiff for not doing the work.

Judgment affirmed.