# F. A. CUSHMAN v. W. A. SOMERS.

## Pleading. Covenant.

In an action of covenant based on an indenture, where the declaration alleged that the plaintiff leased to the defendant the right to run a certain wood pulp grinder during the time a certain patent should be in force, and that the defendant was to pay as royalty twelve tons of pulp each year during the continuance of the agreement; that the pulp was to be poplar or spruce, and delivered at such places as might be designated by one R., provided that the freight did not exceed $40 by the car-load; and that thiry-six tons of the royalty were unpaid; *Held,* on demurrer, (*a*) that the designation of the place of delivery was not an essential part of the consideration, and that a demurrer would not lie for want of an allegation that a place had been designated for delivery of the pulp; (*b*) that if R. failed to elect the kind of pulp, the selection fell on the defendant.

COVENANT. Heard on general and special demurrer to the declaration, December Term, 1887, TAFT, J., presiding. Judgment that the declaration is sufficient, overruling the demurrer.

The defendant prayed oyer of the contract between W. A. Russell and Rollins C. Jones, the assignment of the contract from Jones to plaintiff, and the contract between plaintiff and defendant referred to in declaration. The same were all filed and made a part of case.

Declaration: " In a plea of covenant broken for that, whereas, heretofore, viz.: to wit, the 23d day of August, A. D. 1880, at Barnet aforesaid, by a certain indenture then and there made between the said plaintiff of one part and the said Somers of the other part; one part of which said indenture, sealed with the seal of the said Somers, the plaintiff now brings here into court, the date whereof is the day and year aforesaid, the plaintiff did demise, lease and let unto the said Somers and his assigns the right to run a certain wood pulp grinder in said town of Barnet, to have and to hold the said

right to run the same unto the said Somers and his assigns from, to wit, the 23d day of August, A. D. 1880, to the full end and term of years during which a certain patent, called the Veolter Patent, upon a certain wood pulp grinder, called the Veolter Machine, should be in force, and fully to be complete and ended, yielding and paying therefor, beginning on the 1st day of December, A. D. 1880, twelve tons of dry pulp each and every year thereafter during the continuance of said agreement, at the rate of two tons for every two months, as royalty on said machine (said pulp to be delivered in carloads at such places as might be designated by one William A. Russell, of Lawrence, in the State of Massachusetts, provided that the freight thereon should not exceed forty dollars by the car-load). And the said Somers did thereby, for himself and his assigns, covenant and agree with the plaintiff that he, the said Somers, and his assigns, would well and truly pay to the said plaintiff the said yearly rent or royalty in the manner above set forth. And the plaintiff saith that after the making of the said indenture, and during the said term thereby granted, a large amount of the pulp, viz., thirty-six tons of the royalty aforesaid, for three years of the said term then elapsed became, and was, and still is, in arrear and unpaid to the plaintiff, contrary to the tenor and effect of the said indenture, and of the said covenant of the said Somers, by him in that behalf, so made as aforesaid, to wit, at Barnet aforesaid. And so the plaintiff says that the said Somers hath not kept his said covenant so made with the plaintiff as aforesaid, although often requested so to do, but hath hitherto refused, and still refuses so to do."

Special Demurrer: First—That the declaration does not allege that the said W. A. Russell, named in plaintiff's declaration, ever elected whether he should be furnished with poplar or spruce pulp; nor is it alleged that defendant refused to furnish pulp after said Russell's election.

Second—It is not alleged that the said Russell ever designated the point or points to which the pulp was to be shipped;

nor that the price of freight (if points were designated) was within the $40 limit; nor that the defendant had refused to deliver pulp upon request, for shipment to $40 shipping points.

The following was a part of the contract between Jones and Russell: " In consideration and as the condition of the enjoyment of the said license the said Jones or his assigns shall pay to the said Russell or his assigns, as royalty, twenty-four tons dry weight yearly of merchantable pulp, spruce or poplar, as he or they may elect, to begin July 1, 1878, and to be delivered, one car-load of four tons once in two months thereafter at any point as the said Russell may designate where the freight will not exceed $40 per car-load to the place of delivery."

The other facts are sufficiently stated in the opinion of the court.

*Bates & May*, for the defendant.

The writings clearly show that the defendant was bound to deliver one-half of the quantity of pulp required by the original contract with Russell to order of Russell. The defendant did not have the right to select the kind of pulp to be delivered. The selection was reserved to Russell and his assigns. Gould Pl. pp. 66, 162, 408, ss. 32, 45; 2 Benj. Sales, s. 1018.

The rule of law is well settled that where an article to be furnished is a heavy one, the seller is under no obligation to make delivery at any place other than at his manufactory unless there is an express place named; and if the buyer has any duty to perform in reference to the article he must allege and prove that he has fully performed the same. 13 Me. 265; 53 Me. 52; 67 Me. 295.

*Ide & Stafford*, for the plaintiff.

It is no cause of demurrer that the declaration does not allege that Russell ever elected whether he should be furnished with poplar or spruce pulp. *Patchin* v. *Swift*, 21 Vt. 292;

*Mayer* v. *Dwinell*, 29 Vt. 298 ; *Bennett* v. *Bennett*, 4 N. E. Rept. 501 ; *Russell* v. *Ormsbee*, 10 Vt. 274 ; *Peck* v. *Hubbard*, 11 Vt. 612 ; *Welch* v. *Bradley*, 41 Vt. 308 ; *Townsend* v. *Wells*, 3 Day, 327.

The fact that he did not elect does not relieve the defendant from payment. It was defendant's duty to elect, and so discharge himself. *Taylor* v. *Gallup*, 8 Vt. 340. Nor is it any cause of demurrer that there was no allegation that Russell ever designated the point to which the pulp should be shipped, and that the freight was within the $40 limit. *Peck* v. *Hubbard, supra.*

The opinion of the court was delivered by

TYLER, J. It appears that Jones assigned all his interest in the contract with Russell to the plaintiff, who thereupon assumed all the duties and obligations that it imposed upon Jones. The plaintiff then sold to the defendant a half interest in the contract, namely, the right to use one machine in the town of Barnet, the defendant covenanting with the plaintiff to pay him therefor one half the number of tons of dry pulp required in the articles of agreement between Russell and Jones, payment to commence from December 1, 1880, and to be made at such times and upon such terms as that agreement specifies. The Russell-Jones contract is made a part of the contract between these parties to the extent, at least, of making the place of delivery dependent on Russell's designation.

The demurrer raises the question, whether upon the averment in the declaration that the pulp was to be delivered in car-loads at such places as Russell might designate, such designation was a condition precedent to the plaintiff's right of recovery. This should not be determined by technical and artificial rules ; but it should be ascertained by a fair construction of the contracts, whether it was the intention of the parties that the defendant's liability to pay for the use of the machine should depend on Russell's designation of a place of delivery of the pulp.

It can hardly be claimed that the defendant did not become indebted to the plaintiff for the use of the machine to the amount of twelve tons of pulp a year during the term of such use. The declaration avers an indebtedness, and the demurrer admits it. A designation of place of delivery by Russell was not an essential part of the consideration of the contract. It was a mere privilege reserved to him, and upon his omission to exercise it within a reasonable time it became the duty of the defendant, in order to discharge himself from liability, to designate a suitable place of delivery and then to deliver the pulp within the time specified, and notify the plaintiff thereof. As was said by the court in *Welsh* v. *Bradley*, 41 Vt. 308 : " If this was not so, all remedy upon the obligation might be lost for ever, and in respect to a claim or debt unquestionably due.". This is in effect the law as laid down in *Russell* v. *Ormsbee*, 10 Vt. 274, and *Peck* v. *Hubbard*, 11 Vt. 612.

As to the election of the kind of pulp, it makes no difference whether it was in Russell or the defendant. If in Russell, as the defendant claims, it was waived by non-exercise, and the election fell to defendant.

Judgment affirmed and cause remanded.