ALBERT REYNOLDS v. HENRY REYNOLDS.

May Term, 1902.

Present: TYLER, MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.
Opinion filed August 21, 1902.

*Contract—Time of performance—Remedy in chancery.*

When a contract provides for the doing of some act other than the pay-
   ment of money, and leaves the time of performance indefinite,
   it is to be performed within a reasonable time.
A period of nearly two years is, under the circumstances of this case,
   a reasonable time.
That a plaintiff might have obtained relief in equity, will not prevent
   his recovery in an action at law.

GENERAL ASSUMPSIT. Pleas, the general issue and statute
of limitations. Heard on a referee's report at the August
Term, 1901, Grand Isle County, *Rowell, J.,* presiding. Judg-
ment for the plaintiff for the larger sum named in the report.
The defendant excepted.

*Felix W. McGettrick* for the defendant.

The contract under which the plaintiff was engaged im-
plied that the deed of an interest in the farm was contingent on
the fulfillment on the plaintiff's part of his undertaking to pay
off the mortgage. Otherwise, the plaintiff, on getting his
deed, could convey his interest, quit work and leave the defend-
ant to pay off the mortgage unassisted. This provision of the
contract being a condition precedent, the plaintiff cannot re-
cover compensation on *quantum meruit.*

The plaintiff could have secured his rights in chancery. The contract was so far executed that that court would compel specific performance, notwithstanding it was not in writing. *Sutton* v. *Sutton's Estate,* 13 Vt. 71; *Bedell* v. *Tracey,* 65 Vt. 499.

*Jed P. Ladd* and *Alfred A. Hall* for the plaintiff.

The contract was specific as to everything except the time of its performance. It is insisted that the contract was to be performed within a reasonable time, and the defendant having, after two years time, refused to comply with the contract by executing the deed, the plaintiff is entitled to recover what his services were reasonably worth. *Stone* v. *Stone,* 43 Vt. 180; *Graham* v. *Chandler,* 38 Vt. 559; *Rioux* v. *Brick Co.,* 72 Vt. 149.

STAFFORD, J.  The parties are brothers.  Henry, the elder, had title to the farm he lived on subject to a mortgage. Albert went to work on the farm for Henry upon the mutual understanding that he should have lodging, food, and clothes as good as Henry's, and if they got along well and Albert took hold and helped pay off the mortgage he should sometime have a deed of some interest in the farm.  After Albert had worked under this arrangement for about four years, receiving board, lodging and clothes, a portion of the mortgage having in the meantime been paid, he pressed Henry for a deed, and, failing to get that, secured this more definite agreement, namely, that he should continue working as before, and at some future time should have a one-half interest with his brother in the farm and personal property, under a deed to be so drawn that if either died leaving no widow nor children the survivor should have the whole.  The agreement was never reduced to writing. Albert continued to work some two years longer, frequently requesting his brother to fulfil his agreement, and finally insisted that he should either do that or pay him for his work,

and he would leave. But Henry continued to evade and put him off, and finally told him that he would not deed until the farm was all paid for, and that he would not pay him any wages. Thereupon this action for work done.

The plaintiff puts his case upon the ground that the oral agreement has been performed upon his part, but cannot be enforced by reason of the statute, which requires such contracts to be in writing, so that the defendant, refusing to pay in the manner agreed, is liable to pay in money what the referee has found his labor was worth.

Then the first question is, whether the conditions had been performed. Had the time come when the defendant was bound to deed? Under the first arrangement, it might, perhaps, have been said that clearing off the mortgage was a condition; but in the second agreement there is no allusion to the mortgage, and the provision as to time is wholly indefinite. The defendant was to deed at some future time. When an executory contract provides for the doing of some act other than the payment of money, and leaves the time of performance wholly indefinite, the law supposes · that the parties intended a reasonable time, as otherwise the contract would be void for uncertainty, and it is the policy of the law to support rather than defeat it. *Ut res magis valeat, quam pereat,* is the maxim. *Atwood* v. *Cobb,* 16 Pick. 227, 26 Am. Dec. 657; *Warren* v. *Wheeler,* 8 Met. 99; *Hill* v. *Hill,* 113 Mass. 106; *Williams* v. *Hart,* 116 Mass. 513. And to say that some future time meant that the defendant should have his whole life to make up his mind in would be to give the contract a construction the parties could never have intended.

Had a reasonable time elapsed? Ordinarily, that is a question of fact. *Ins. Co.* v. *Haynes,* 71 Vt. 306; *Brainard* v. *Van Dyke,* 71 Vt. 359, 45 Alt. 758. But here the defendant

did not put his refusal on the ground that he had not had a reasonable time. And he could not very well do that for he had had two years, almost, and had been asked again and again. He pursued a Fabian policy as long as possible, and when he was obliged to give a reason for his refusal undertook to bring in a new condition, or reinstate the old, discarded one, and said he would never deed until the farm was paid for in full. Under such circumstances we think he could not be heard to say that a reasonable time had not elapsed; and, indeed, he does not say that, but is still insisting that the payment of the mortgage debt was a condition of the second agreement, which is contrary to the finding as we understand it. On the whole the case is much the same as *Stone* v. *Stone*, 43 Vt. 180, where a recovery was permitted.

The defendant suggests that in any event the plaintiff ought not to recover in this action, because he might have enforced specific performance in equity,—that the plaintiff's living and working upon the farm, and having the place set in the tax list to himself and his brother jointly, and paying one-half the taxes amounted to taking possession, and was a part performance that would have avoided the effect of the statute of frauds. We have not considered whether the plaintiff was in a position to have sought relief in equity, for if he was the defendant cannot take advantage of that. The contract was not one for the breach of which the plaintiff could sue at law, for it was not in writing, but he still had this action for the value of his services. If there was an equitable relief also, it was for the benefit of the plaintiff, not of the defendant, who cannot insist that he should be compelled to do what he has been asked to do, and has refused.

That one has an adequate remedy at law may be a reason why equity should not hear his prayer; but that he might

have claimed relief in equity is no reason why he should not have his usual remedy at law.

The plaintiff should recover, then, what his labor was worth.

He should also recover items one and two of his specifications notwithstanding the statute of limitations, the credit of Nov. 18, 1893, being sufficient to remove the bar.

*Judgment affirmed.*