ANGELO P. AMBROSINI *v.* N. PELAGGI & COMPANY.

February Term, 1919.

Present:  WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed January 20, 1920.

*Contracts—Evidence—Letters Inadmissible as Hearsay—Findings—"Substantially" Not Equivalent to "Precisely"—Duty Imposed by Implication—Condition Precedent—Burden of Proof.*

1. Where defendant filed a declaration in offset claiming to recover for the breach of a contract by which plaintiff agreed to cut the figure of an angel in an artistic manner, and *precisely* according to a model furnished by the defendant, from a block of granite of the required dimensions to be furnished by the defendant, and which plaintiff refused to cut on account of defective granite furnished him, letters written the plaintiff by a third party who furnished the granite were inadmissible to show that the granite was suitable for the purpose for which it was furnished, being hearsay, or to show bad faith on the part of the plaintiff in refusing to go on with the job, as that issue was not in the case.

2. Evidence tending to show that a statue of the dimensions required by the contract could have been cut from the stone furnished, would not justify a finding that from that stone a statue could be cut in an artistic manner and *precisely* according to a model.

3. A finding that third parties cut a statue *substantially* as called for by the contract from the stone furnished, was not equivalent to a finding that such statue was cut in an artistic manner, and *precisely* according to the model furnished by the defendant.

4. Under the contract, the defendant was required, by necessary implication, to furnish granite of the· character necessary to enable the plaintiff to perform the contract according to its terms.

5. The furnishing of granite· of such a character by the defendant was a condition precedent to performance by the plaintiff, and

defendant's failure to furnish excused the plaintiff from cutting the statue.

6. The burden was on the defendant to prove performance of the condition precedent.

ACTION OF CONTRACT. Plea, the general issue and declaration in offset. Trial by court in the Barre City Court, *H. William Scott*, Judge. Judgment for the defendant. The plaintiff excepted. The opinion states the case.

*E. R. Davis* for the plaintiff.

*S. Hollister Jackson* for the defendant.

MILES, J. The plaintiff, who is a granite carver, sued the defendant for the stipulated price for cutting a granite bas-relief. The defendant pleaded the general issue and filed a declaration in offset, under which he claimed to recover for the breach of another contract by which the plaintiff agreed to cut in an artistic manner, and *precisely* according to a model furnished by the defendant, the figure of an angel, approximately of the dimensions specified. The defendant was to furnish for the work a block of granite of the measurements required, machines, air, and tools, and was to pay a stipulated price in stated instalments.

The court found on the plaintiff's claim that he was entitled to recover the sum claimed by him with interest, and to the correctness of this finding no question is made.

[1] Upon the defendant's claim the court found that the plaintiff failed to perform his part of that contract, in consequence of which the defendant was damaged in the sum of $107.57, which sum the court allowed to the defendant and rendered judgment for him in the sum of $48, being the balance between the sum allowed the plaintiff and the sum allowed the defendant. The question here raised, as presented in the plaintiff's brief, is whether letters from the party who furnished the granite for the statue were admissible in evidence, whether the findings of the court were supported by the evidence, and whether there was error in the judgment rendered upon the facts found. The letters consisted of answers by the party furnishing the granite to letters of the plaintiff charging that party with having furnished a block of granite not suitable for the

manufacture of the statue, and the substance of the answers was that the granite was suitable for the purpose for which it was furnished. As claimed by the plaintiff, the offer was to show that the granite furnished was suitable for the manufacture of the statue as called for by the contract, and that the letters were received for that purpose; but the defendant claimed that they were offered and received to show the lack of good faith on the part of the plaintiff in refusing to go on with the job. It is not clear which is right, and that is of no importance; for, if received for the former purpose, they were not admissible, because they were clearly hearsay evidence, and they were equally inadmissible if received for the latter purpose, for no question of good or bad faith is involved in this case. It was error to receive the letters. They had no tendency to prove any issue raised by the pleadings in the case.

The real question in the case is whether the plaintiff was justified in abandoning the job as he did. The case shows that, when he discovered the claimed defect in the granite furnished, and communicated his discovery to the defendant and tried to arrange with him to either get a block of granite about which there was no doubt of its suitableness, or take the risk of a failure to meet the strict requirements of the contract because of the claimed defects, and the defendant refused to do either, he had to choose which of two courses he would follow; whether he would proceed with the work or abandon the contract and take the risk of the damage that might result from such a course. He adopted the latter course. The defendant claims that he was not justified in refusing to go on with the work and complete the job, and that the findings and judgment of the court below are amply supported by the evidence in the case. To support the trial court's finding that the cutters employed by the defendant to complete the job after the defendant abandoned it were able to complete the statue substantially as called for by the contract with the plaintiff, out of the granite furnished, the defendant calls our attention to the testimony of the defendant, Pelaggi, who testified that when the statue was finally completed it did not vary one-sixteenth of an inch from the dimensions called for in the contract; and, though one Johnson, who measured and assisted in finishing the statue after the plaintiff ceased to work on it, testified that, when finished, it was three inches short in height and five inches short in width, the court

made the finding stated above. But there may be a question whether the testimony of Pelaggi, who made no measurement of the statue, but testified from an estimation based upon mere observation not shown to have been made with a view to the ascertainment of the exact dimensions of the statue, can be said to have substantially supported that finding. It was, at most, only, the opinion of Pelaggi, and its value as evidence when taken in connection with the positive testimony of Johnson is not clear.. Johnson knew what he was testifying to, and the facts were as he stated, or he must have committed deliberate falsehood, with nothing in the case showing why he should do so. In a statue of that size it may be doubted whether it was possible for the most expert granite man to detect so slight a variation as was testified to by Pelaggi. In view of the disposition of the case upon another point, it becomes unnecessary to pass upon this question.

[2] Assuming, but not deciding, that Pelaggi's testimony tended to show that the stone furnished was such as would have enabled the plaintiff to manufacture a statue whose dimensions would meet all the requirements of the contract in that respect, still it was only evidence that the stone was of sufficient dimension to enable the plaintiff to perform the contract to that extent. It would not justify a finding that it was sufficient to enable the plaintiff to manufacture a statue in an artistic manner and precisely according to a model, and the court has not so found. The court simply found that the parties employed to finish the job were able to manufacture from the granite furnished a statue "substantially" as called for by the contract. Assuming, but not deciding, that there was evidence supporting that finding of the court, the judgment rendered would not be justified by the facts found.

[3] To justify the judgment rendered, to which exception was taken, it was necessary for the court to find that the defendant not only furnished granite from which the plaintiff could manufacture a statue of substantially the dimensions called for by the contract, but he was to furnish a block of granite from which the plaintiff could cut the statue in an artistic manner and *precisely* according to the model furnished by the defendant. "Precisely" has a more restricted meaning than "substantially." "Precisely" means accurately, exactly, and in conformity to a model.

[4]   Under the contract the defendant was bound to furnish granite of the measurement required; and, while the contract does not in express words state that the granite furnished should be of the character necessary to enable the plaintiff to perform the contract according to its terms, yet such a duty arises from necessity.   A duty may be imposed upon a party to a contract by necessary implication; and when such implication is not external to the contract, but gathered from it, it is as much a part of the contract as if set forth in express words. *Rioux* v. *The Ryegate Brick Co.*, 72 Vt. 148, 47 Atl. 406.

[5, 6]   The duty of the defendant to furnish granite of the dimensions and quality necessary for the plaintiff to perform his part of the contract according to its terms was a condition precedent to performance by the plaintiff, and on failure of the defendant to furnish such granite the plaintiff was not called upon to proceed with the manufacture of the statue.   *Rioux* v. *The Ryegate Brick Co., supra; Hill* v. *Hovey*, 26 Vt. 109; *Welch* v. *Bradley*, 41 Vt. 308; *Camp* v. *Barker*, 21 Vt. 469; *Amsden* v. *Atwood*, 68 Vt. 322, 35 Atl. 311; *Bugbee* v. *Hains*, 43 Vt. 476; *Oakley* v. *Morton*, 11 N. Y. 25, 62 A. D. 49; *Hinckley* v. *Pittsburg Bessemer Steel Co.*, 121 U. S. 264, 30 L. ed. 967, 7 Sup. Ct. 875.   To entitle the defendant to prevail on his plea in offset it was necessary for him to prove performance of this condition precedent.   *Oakley* v. *Morton, supra.*   By the failure of the court to find that the defendant had performed that condition according to the terms of the contract the judgment was without the support of a necessary finding, and the exception t o it must be sustained.

*Judgment reversed, and cause remanded.*