HOWARD G. HAYDEN ET AL. *v.* MELVIN A. HOADLEY ET AL.

May Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 5, 1920.

*Contracts—Written Contract Cannot Be Contradicted or Varied by Parol—Performance Within Reasonable Time Implied When No Time Stated—Excluded Conversation Presumed to Have Been Before Written Contract—Obscure Question—Immaterial Evidence—Cross-examination As to Conversation Does Not Open Door to Entire Conversation—Damages—Rent Paid Because of Failure to Repair House—Instructions—Immaterial Evidence in Case Properly Commented on in Argument.*

1. A written contract which contains no latent ambiguity cannot be qualified, controlled, contradicted, enlarged, or diminished by any contemporaneous or antecedent understanding or agreement, and oral testimony can no more be received to vary or contradict the legal intendment of such a contract than to vary or contradict its express terms.

2. Where a written contract by the defendants to make repairs upon certain premises is silent as to the time of performance, it is implied by law that they shall be made within a reasonable time, and that which is so implied is as binding as that which is expressed.

3. In such case, parol evidence is not admissible to show that at the time the writing was signed it was agreed that the repairs need not be completed until a certain date.

4. *Dunnett & Slack* v. *Gibson*, 78 Vt. 439, overruled in part.

5. Such contract being silent as to the amount of money to be expended on the repairs, plaintiffs' understanding about the amount of money to be paid therefor, and the kind of a wall that should be made, was properly excluded.

6. In such case, the contrary not appearing, it will be assumed, in support of the ruling below, that the conversations referred to took place before the written contract was executed.

7. The meaning and significance of a question asked one of the plaintiffs on cross-examination, "This wall that was being laid was in the same condition as the old wall at the time, wasn't it?" was too obscure to cause error in its exclusion.

8. The suit being for defendants' breach of their written contract to make repairs on certain premises, defendants' offer to show that the plaintiff had, since the contract was signed, removed the paper from the walls of the house was properly excluded, as having nothing to do with the issues being tried.

9. The cross-examination of one of the defendants as to a conversation between the parties on a certain occasion before the contract was executed did not open the door to the defendants to show all that was said on that occasion; the rule that the entire conversation is admissible under such circumstances going only so far as is necessary to shield a party from adverse inferences, and only allows an explanation or rebuttal of the evidence received.

10. Such reasonable sum as the plaintiffs had to pay for rent, because of the defendant's failure to repair the buildings in question so that they could be occupied, from the expiration of a reasonable time from the date of the contract to the date of the bringing of the suit, was recoverable as special damages.

11. Where the closing words of a charge, "But all these things which I have enumerated are material things for you to find," must have been understood by the jury as referring to all that preceded this clause in that part of the charge, it was reversible error, where one of the preceding questions was "whether the defendants were justified in relying" upon certain false representations of the plaintiffs, a question not in the case.

12.  There was no error in the reference in argument to immaterial
        evidence, where no objection was made until after the answer
        was given, and, while the court ruled that the evidence was
        immaterial, it was not stricken out.

ACTION OF CONTRACT.  Plea, the general issue.  Trial by
jury in the Montpelier City Court, Washington County, *Erwin
M. Harvey,* City Judge.  Verdict and judgment for the plain-
tiffs.  The defendants excepted.  The opinion states the case.

*Fred L. Laird* and *Edward H. Deavitt* for the defendants.

The parol evidence offered did not contradict the written
memorandum, and, since it embraced matters which were a part
of the agreement and upon which the memorandum was silent,
should have been received in evidence.  *Wood* v. *James,* 93 Vt.
36, *Gilman Bros.* v. *Williams,* 74 Vt. 327; *Dunnett & Slack* v.
*Gibson,* 78 Vt. 439; *Burditt Bros.* v. *Howe,* 69 Vt. 563; *Labbee*
v. *Nelson,* 66 Vt. 234; *Hadley* v. *Bordo,* 62 Vt. 285; *Reynolds* v.
*Hassam,* 56 Vt. 449; *Tillotson* v. *Ramsay,* 51 Vt. 309; *Winn* v.
*Chamberlin,* 32 Vt. 318; *Michigan State Bank* v. *Peck,* 28 Vt.
200; *Redfield* v. *Gleason,* 61 Vt. 220.

*Fred E. Gleason* and *Julius A. Willcox* for the plaintiffs.

POWERS, J.  The parties to this action exchanged properties,
and as a part of the arrangement the defendants gave the plain-
tiffs the following writing which all signed:

"Memorandum of agreement made this 2nd day of May,
A. D. 1919, by and between Melvin A. Hoadley and George A.
Peck, both of Montpelier, in the county of Washington and State
of Vermont, and Howard G. and Georgia V. Hayden, both of
Worcester, in the county of Washington and State of Vermont,
witnesseth:   We, the said Hoadley and Peck, in consideration
of the said Haydens having this day conveyed to us their farm in
Worcester aforesaid, and whereas, we, the said Hoadley and
Peck, have this day conveyed to the said Haydens certain land
and premises situated on the westerly side of North Street in the
city of Montpelier, as and for additional consideration for such
exchange of properties, bind ourselves and agree to make, with-
out expense to said Haydens, the following repairs upon the

premises conveyed to the said Haydens as aforesaid, viz.: The said Hoadley and Peck agree to straighten up and shingle the barn on said premises; to straighten up the house; repair and paint the roof, and paint the same back of said house; to repair the cellar wall; and to install a pump in said house." It is for the noncompliance with this agreement that suit is brought.

[1-4]   At the trial, the defendants offered to show that at the time the writing was signed it was agreed that they should have until October 1, 1919, in which to make the repairs, that only $60 need be expended therefor, and that No. 2 shingles were to be used on the barn.   These offers were excluded and the defendants excepted.   The rulings were correct.   The case calls for the application of a rule so often and so recently reaffirmed by this Court that we need take no time in its discussion.   A written contract which contains no latent ambiguity cannot be qualified controlled, contradicted, enlarged, or diminished by any contemporaneous or antecedent understanding or agreement; and oral testimony can no more be received to vary or contradict the legal intendment of such a contract than to vary or contradict its express terms.   *Kinnear & Gager Mfg. Co.* v. *Miner*, 88 Vt. 324, 92 Atl. 459.; *Wood* v. *James*, 93 Vt. 36, 106 Atl. 566.   The legal effect of the contract before us—it being silent as to the time of performance—was to require the repairs specified to be completed within a reasonable time.   *Reynolds* v. *Reynolds*, 74 Vt. 463, 52 Atl. 1036.   This is a provision of the contract implied by the law, and that which is so implied is as binding as that which is expressed.   In legal consequence, then, this contract is just what it would be if it was therein expressly provided that the repairs were to be made within a reasonable time.   *Cocker* v. *Franklin, etc., Co.*, 3 Sumn. 530, Fed. Cas. No. 2, 932; *Stange* v. *Wilson*, 17 Mich. 342.   To admit the testimony offered by the defendants to the effect that the parties agreed upon October 1, as the limit of the time given for the repairs would be to allow the plain legal effect of the written contract to be controlled by oral evidence.   That is not permissible.   *Cameron Coal & Mercantile Co* v. *Universal Metal Co.*, 26 Okl. 615, 110 Pac. 720, 31 L. R. A. (N. S.) 618, and note.   The contract before us is unequivocal and complete, and to say that parol evidence can be received to fix the time of performance, on the ground that the contract is incomplete, is wholly illogical and wrong, and so much of *Dunnett & Slack* v. *Gibson*, 78 Vt. 439, 63 Atl. 141, as

is to that effect is overruled. From this it is not to be inferred that we question the proposition that an incomplete writing may be supplemented by parol, for this is a rule of unquestioned soundness.

[5-7]  The evidence under discussion was not offered on the ground that it was admissible on the question of what was a reasonable time under the circumstances, so we give that question no attention. For the same reason, the questions asked Hayden in cross-examination regarding the understanding about the amount of money to be paid out in the repairs, and the kind of a wall that should be made, were properly excluded. The record does not show when the conversations referred to in this connection took place, so in support of the ruling we assume that it was before the written contract was executed. In further cross-examination Hayden was asked, "This wall that was being laid was in the same condition as the old wall all the time, wasn't it?" This question was excluded, and the defendants excepted. The meaning and significance of the question is too obscure to cause error in its exclusion to appear.

[8]  The jury took a view of the premises referred to in the contract, and the defendants offered to show that the plaintiffs had, since the contract was signed, removed the paper from the walls of the house. This was properly excluded, for, as stated by the court, it had nothing to do with the issues being tried.

[9]  During the cross-examination of defendant Hoadley, his attention was called to a conversation which he had with the plaintiffs the night before the contract was executed; and he was asked what he said to them that night, and replied that he told them what he would do. He was then asked, "What did you say?" And he replied, "I told them I would make repairs not to exceed sixty—fifty to sixty dollars." Later, this witness was recalled, and his counsel asked him to state "all that was said there about this trade between you and either one of the Haydens about this transaction." Subject to the defendant's exception, this question was excluded. Its admissibility was urged upon the ground that the cross-examination above referred to opened the door to the defendants to show all that was said on that occasion. But the rule invoked by the defendants will not avail them. It is protective, merely. It goes only so far as is necessary to shield a party from adverse inferences, and only allows an explanation or rebuttal of the evidence received. It does not

open the door to the indiscriminate admission of like evidence touching the ultimate facts in litigation. *Bank of Phoenix City* v. *Taylor,* 196 Ala. 665, 72 So. 264; *State* v. *Witham,* 72 Me. 631; *Mowry* v. *Smith,* 9 Allen (Mass.) 67.

[10]   The plaintiffs declared for special damages on account of rent paid by them, which payment was made necessary by the defendants' failure to repair the buildings in question so that they could be occupied; and the court charged that this was a proper element of the damages recoverable, if in other respects the plaintiffs' case was made out.   To this instruction the defendants excepted.   If the plaintiffs, for want of these repairs, were obliged to live in rented premises that summer, such reasonable sum as they had to pay as rent from the expiration of a reasonable time after the date of the contract to the date of the bringing of this suit was recoverable as damages.   This would be an expense imposed upon them by the defendants' default; for, it would be a natural consequence of it.

[11]   The defendants by a sufficient answer set up certain false representations made by the plaintiffs concerning the Worcester farm, and relied upon them as a basis of damages in offset.   In the course of its charge on this branch of the case, the court enumerated the questions which the jury was to consider and determine, including therein the question "whether the defendants upon all the facts were justified in relying" upon these representations.   And while in another part of the charge immediately following this, the court repeated these questions, omitting this one, this part of the charge closed with the words, "But all these things which I have enumerated are material things for you to find."   We think the jury must have understood that this clause referred to all that preceded it in that part of the charge, including the question whether the defendants were justified in relying upon the representations.   This was error, for that question was not in the case.   *Maidment* v. *Frazier,* 90 Vt. 520, 98 Atl. 987; *Arnold* v. *Somers,* 92 Vt. 512, 105 Atl. 260.   It was harmful in character, and requires a reversal.

[12]   There was no error in the reference in argument to the price which the defendants obtained for the farm.   Hoadley testified that they sold it for $1,400.   No objection was made until after the answer came in, and while the court ruled that the

price was immaterial, the evidence was not stricken out. It was therefore in the case, and subject to comment.

*Judgment reversed, and cause remanded.*