WILLIAMS MANUFACTURING COMPANY *v.* INSURANCE COMPANY OF
NORTH AMERICA.

October Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, and MILES, JJ., and
WILSON, Supr. J.

Opinion filed May 3, 1921.

*Parol Evidence Rule Applicable to Fire Insurance Policies—
Parol Evidence Inadmissible to Show that Policy Describ-
ing One Building Was Intended to Insure Another Building.*

1.   The rule that parol evidence is not admissible to vary or con-
     tradict the terms of a written contract, or in aid of its con-
     struction, when its terms are clear and unambiguous, applies
     to a fire insurance policy.
2.   Where only one of the insured's buildings had a "paroid" roof,
     parol evidence was inadmissible to prove that a fire insurance
     policy describing the building insured as having such a roof
     was intended to insure another building, to which the descrip-
     tion in the policy in other respects was equally applicable.

ACTION OF CONTRACT on a fire insurance policy. Plea, the
general issue. Trial by jury at the June Term, 1919, Caledonia
County, *Stanton, J.,* presiding. Verdict and judgment for the
plaintiff. The defendant excepted. The opinion states the case.

*Dunnett, Shields & Conant* for the defendant.

*Porter, Witters & Longmoore* and *John W. Redmond* for the
plaintiff.

MILES, J.   This case has been here once before (*Williams
Manufacturing Company* v. *Insurance Company of North
America,* 93 Vt. 161, 106 Atl. 657), to which reference may be
had for a full statement of the facts, and at that time the plain-
tiff suggested in its brief that the policy in question did not con-
tain a latent ambiguity, but placed no particular reliance upon
that claim in its argument. So the case was treated in this

Court as it was presented by counsel—as one properly admitting of parol evidence to determine the true meaning and application of the policy. In the trial under review, the defendant made but one defence: That the policy did not cover the property destroyed. The plaintiff took the ground below, and maintains it here, that the policy is plain and unambiguous, and therefore parol evidence in aid of its construction was inadmissible; that it describes the veneer mill and contents, and that only; and that this is so plain that the court should have so ruled as matter of law.

[1]   The law of the subject is neither difficult nor doubtful. It is this: A policy of fire insurance, like any other written contract, is governed by the rule that extrinsic evidence is not admissible to vary or contradict its terms, and that such evidence is inadmissible in aid of its construction, when its terms are plain and unambiguous. *Whittier* v. *Parmenter et al.*, 90 Vt. 16, 96 Atl. 378, and cases cited; *Hayden et al.* v. *Hoadley*, 94 Vt. 345, 111 Atl. 343; *Vermont Marble Co.* v. *Eastman et al.*, 91 Vt. 425, 445, 101 Atl. 151. It is this rule by which we must be guided in determining whether this policy covered the veneer mill at East Haven.

On its face, the description of the policy is clear enough. No uncertainty or ambiguity appears until it is applied to the plaintiff's property at East Haven. Then it is discovered that there are two mills at that place, to either of which, in some particulars, the description in the policy reasonably may apply. But, if it be admitted that, in all other respects, the description may as well apply to one of those mills as to the other, there is one essential particular which must refer to one and cannot refer to the other. The building insured is described in the policy as a "frame, paroid roof building, with a frame, paroid roof boiler house attached." The only building with such a roof was the veneer mill. Here there is a definite term, which, though all else be obscure, plainly identifies the property covered by the policy and puts the whole matter beyond controversy. The contract which the parties executed insured the veneer mill; the contract they intended to make is, in the circumstances, of no consequence. If the parties intended to insure the sawmill, and there is much in the case to indicate they did, the policy cannot be corrected in this suit. As the policy now is, there is nothing for the Court to do, but enforce the contract as it reads. The case is much like

*Bumpus* v. *Am. Cent. Ins. Co.*, 108 Me. 217, 79 Atl. 848.   There, as here, the policy in some respects would apply to either of two mills with equal force.   But one mill only would answer the description in the policy as a mill known "on the map as Thurston's Saw and Planing Mill."   This was held conclusive proof that the mill to which it applied was the mill insured.   That case, we think, is directly in point with our holding that the veneer mill was the mill insured.

*Judgment affirmed.*