FARMERS FEED & GRAIN CO. *v.* JOSEPH LONGWAY ET AL.

October Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed May 5, 1931.

*Watson & McFeeters* for defendant Cross.

*F. L. Webster* for the plaintiff.

Powers, C. J.    This is an action on an overdue promissory note signed by the defendants.    The case was tried by the court and judgment was for the plaintiff.    The defendant Cross excepted.

The findings show that, in 1928, the defendant Longway was the lessee of a farm owned by Cross for a term ending on November 1 of that year.    Longway then owed the plaintiff a debt of $500, for which on October 23, 1928, he gave the note in suit.    At the same time, T. J. McGovern, who was the Farmers Feed & Grain Co., gave Cross a writing which provided that the latter should be released from liability on the note if "Longway leaves or is discharged from Mr. Cross' farm."    It is on this agreement that Cross predicates his defense.    Longway left the farm November 1, 1929, and the note fell due November 6, 1929.

Subject to objection and exception, the plaintiff was allowed to show by parol evidence certain facts and circumstances tending to show that it was the intention of the parties that the writing signed by McGovern should release Cross if Longway left the farm during the term of a renewal of the lease from November 1, 1928, to November 1, 1929, which was then contemplated by the defendants, and not otherwise.    This evidence was admitted on the theory that it afforded a basis for a proper construction of the McGovern writing.    And the court found the fact to be that the parties intended the writing to be so interpreted.    The admission of this evidence for the purpose indicated was error.

A contract may be so drawn that one or more of its terms are left to implication. And when such implication is not external to the contract, but is gathered from it, it is as much a part of the contract as if it was set forth therein in express terms. *Rioux* v. *Ryegate Brick Co.*, 72 Vt. 148, 154, 47 Atl. 406; *Ambrosini* v. *Pelaggi & Co.*, 94 Vt. 119, 123, 108 Atl. 916. The writing signed by McGovern is such a contract. It is quite obvious that the condition above quoted did not contemplate that Longway should occupy the farm forever. Though no time limit was therein set, it is a necessary inference that the term of the condition was to be limited in some way. Whenever time is an essential term of a contract, either expressly or by implication, and is omitted or imperfectly specified therein, the law implies that the event mentioned shall take place within a reasonable time. A reasonable time becomes an implied term of the agreement. So, here, the parties have not specified the time, and the law supplies the defect by giving effect to the contract as if it read, ''If, within a reasonable time, Mr. Longway,'' etc. What is a reasonable time in a given case depends upon the circumstances, and is usually a question of fact, *Reynolds* v. *Reynolds,* 74 Vt. 463, 465, 52 Atl. 1036, though the circumstances may be such, as they were in that case, that the question can be disposed of by the court.

Whatever of ambiguity there may be about this contract is quite apparent on its face. It is much like the one involved in *Hayden* v. *Hoadley*, 94 Vt. 345, 111 Atl. 343. It could not be varied by parol, nor could it be construed to mean anything more than its terms and implications signified. That some or all of the evidence excepted to would have been admissible on the question of reasonable time does not affect the ruling and is not now for consideration, since that question was not an issue at the trial. *Hayden* v. *Hoadley, supra,* 94 Vt. at page 349, 111 Atl. 343.

*Judgment reversed, and cause remanded.*

NOTE.—When this case was argued, it was assigned to MR. JUSTICE WILLCOX. At the February Term, 1931, it was reassigned to the Chief Justice.