Vermont Superior Court
Filed 07/03/24
Franklin Unit

VERMONT SUPERIOR COURT
Franklin Unit
17 Church Street
St. Albans VT 05478
802-524-7993
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-00547

---

**Eric Nye, II et al v. Boissonneault Family Farm, Inc.**

---

## ENTRY REGARDING MOTION

Title:       Motion for Summary Judgment on Counterclaim (Motion: 21)
Filer:       James B. Anderson; Matthew M. Glitman
Filed Date:  May 21, 2024

Plaintiff Eric Nye moves (again) for summary judgment on the enforceability of the right of first refusal asserted by Defendant Boisonneault Family Farm, Inc. ("BFFI") in this case. In his first motion, Mr. Nye argued that the right of first refusal is not enforceable because it was not written, but oral. In this motion, he argues that the right of first refusal is not enforceable because it lacks material terms. The court (again) denies the motion.

For purposes of this motion, Mr. Nye relies on the affidavit submitted by Jay Boissonneault and the motion for summary judgment BFFI filed on September 1, 2023. He contends that these constitute judicial admissions that the alleged right of first refusal lacks material terms.[1] Specifically, he notes Mr. Boissoneault's statement that "[t]he details of how this right of first refusal could be exercised were not reduced to writing." He further notes the motion's effective concession that "the equitable terms how the right of first refusal is exercised, such as the notice Mr. Nye would be required to give BFFI and the notice of exercise which BFI would be required to give Mr. Nye" were missing from the alleged right of first refusal. These omissions, he argues, render the alleged right of first refusal unenforceable.

Mr. Nye correctly notes that, to be enforceable, an agreement must contain all material terms. *See Quenneville v. Buttolph*, 2003 VT 82, ¶ 16, 175 Vt. 444 ("while a binding agreement need not contain each and every contractual term, it must contain all of the material and essential

---

[1] To be completely accurate, Mr. Nye asserts that BFFI has made "judicial admissions that the ROFR has no material terms." Mot. For Summ. J., 4. This clearly is hyperbole—neither factually accurate nor rhetorically persuasive.

terms"). He also acknowledges the teachings of *Farmers' Feed & Grain Co. v. Longway*: "Whenever time is an essential term of a contract, either expressly or by implication, and is omitted or imperfectly specified therein, the law implies that the event mentioned shall take place within a reasonable time." 107 Vt. 327, 328 (1931). He asserts, however, that these teachings have no application to oral agreements.

This assertion finds no support in either language or logic. While *Farmers' Feed & Grain* dealt with a written agreement, neither then nor since has the Supreme Court suggested that its teachings were limited to written agreements. Rather, the *Farmers' Feed & Grain* Court expressed broad principles: "A contract may be so drawn that one or more of its terms are left to implication. And when such implication is not external to the contract, but is gathered from it, it is as much a part of the contract as if it was set forth therein in express terms." *Id.* Nowhere in this opinion did the Court limit its discussion to written agreements. Nor is there any basis in logic for such a limitation. If, as this court has already held, the statute of frauds does not preclude the court from enforcing an oral agreement, why should a writing be required to set forth terms that are implied in law? Moreover, in the only case either party has found that remotely addresses the question of implication of material terms in an oral agreement, the Court held, "When an executory contract provides for the doing of some act other than the payment of money, and leaves the time of performance wholly indefinite, the law supposes that the parties intended a reasonable time, as otherwise the contract would be void for uncertainty, and it is the policy of the law to support rather than defeat it." *Reynolds v. Reynolds*, 74 Vt. 463, 465 (1902). While this may be a hoary precedent, it remains good law, and indeed informed the *Farmers' Feed & Grain* decision. *See Farmers' Feed & Grain*, 102 Vt. at 328.

If the testimony suggested by Mr. Boissonneault's affidavit is credited, BFFI can prove that Mr. Nye agreed to "give BFFI a right of first refusal to purchase the entire Nye Farm or such portions as Mr. Nye might desire to sell." Clearly, this agreement did not specify when or how Mr. Nye was to give notice of any prospective sale, the timing or manner of any response required from BFFI, the extent to which BFFI's exercise must match the precise terms of the prospective sale, and the effect of a failure to exercise upon the continued vitality of the right as applied to remaining parts of the Nye Farm not subject to the prospective sale. The question, then, is whether these are material terms, left for future negotiation, *see Miller v. Flegenheimer*, 2016 VT 125, ¶ 21, 203 Vt. 620, or if instead they can properly be supplied by implication, *see*

Entry Regarding Motion
22-CV-00547 Eric Nye, II et al v. Boissonneault Family Farm, Inc.

Page **2** of **3**

*Farmers' Feed & Grain*, 102 Vt. at 328. While this is a question of law, the present record is insufficient to allow the court to make that determination. Rather, it requires more evidence than the parties' sparse submissions provide.

<u>**ORDER**</u>

The court denies the motion for summary judgment. The clerk will set the matter for a one-day court trial. Counsel shall advise the court of their and their clients' availability to try the case as a backup on July 29-31 or August 5-7.

Electronically signed pursuant to V.R.E.F. 9(d): 7/2/2024 9:17 AM

_____
Samuel Hoar, Jr.
Superior Court Judge

Entry Regarding Motion
22-CV-00547 Eric Nye, II et al v. Boissonneault Family Farm, Inc.

Page **3** of **3**